[Filed October 26, 1886.] ·

# CARTER, RICE, & CO. v. M. KOSHLAND.*

ATTACHMENT—GARNISHMENT—JUDGMENT AGAINST GARNISHEE.—When it has been ascertained in garnishment proceedings that the garnishee at the time of the attachment had property in his hands belonging to the debtor, and has refused to furnish a certificate designating the amount and description of it, and the creditor has recovered a judgment against the debtor, he is entitled to a judgment against the garnishee also for the value of the property to the amount of the judgment against the principal debtor, with costs of the proceeding, to be satisfied out of such property wherever found, or in case it cannot be found, or enough thereof to satisfy such judgment, that the balance due thereon be satisfied out of the property of the garnishee not exempt from execution.

SAME—CONSTRUCTION OF STATUTE—GENERAL POWER OF COURTS AND JUDICIAL OFFICERS.—Such a judgment, though not authorized in express terms, is within the meaning of section 911 of the Civil Code, giving to courts and judicial officers the means to carry into effect the jurisdiction conferred upon them, and to adopt any suitable mode of proceeding where none is pointed out, which may appear most conformable to the spirit of the code.

SAME—CUSTODY OF THE LAW.—Property garnished in the hands of a third person is in the custody of the law, and the garnishee cannot dispose of it.

MULTNOMAH COUNTY.   Defendant appeals.   Modified.

*Zera Snow* and *E. B. Watson*, for Respondents.

*A. F. Sears* and *Raleigh Stott*, for Appellants.

THAYER, J.   This case is here at this time for rehearing.   It was supposed at the last term of this court that it was decided, and the mandate was sent to the lower court.   But the matter having been brought to the attention of the court again, and it having been concluded that the mandate had been prematurely sent down, the court recalled it.   The questions involved in the case have occasioned the court great perplexity in concluding as to the true construction of the act relating to garnishee proceedings in view of the amendment of 1878.   I have

* See 12 Or. 493.

been of the opinion that, after the recovery of judgment against the debtor and an adjudication that the property attached be sold to satisfy the debt, the creditor could not properly obtain a personal judgment against the garnishee; that the two judgments would not be consistent with each other; nor did I believe that such a course would afford to the creditor the full benefit of the garnishment proceedings intended by the amendment referred to, that is, the right to pursue the property and have it applied to the satisfaction of his debt. If the right to recover such judgment were the only remedy, an irresponsible person in possession of the debtor's property might dispose of it and leave the creditor only a worthless judgment against him. But the creditor, it is thought, should be entitled to some kind of adjudication against the garnishee, in case it be ascertained in the garnishment proceedings that he had property in his possession belonging to the debtor at the time of the service of the attachment. The authorities seem to be uniform that property attached in the hands of a third person is in *custodia legis*, and that the garnishee has no right to dispose of it, and a creditor under the law, as amended, certainly should have the right to have it applied to the satisfaction of his debt. I cannot see how else a creditor would be able to realize the benefit which the amendment conferred, or the provision could be carried into full effect. The most reasonable construction of the statute, as it now stands, is that a creditor, in case it is ascertained in such a proceeding that the garnishee had, at the time of the service of the attachment, property in his possession belonging to the debtor, and has refused to furnish a certificate designating the amount and description of it, and the creditor has recovered a judgment in the action against the debtor in accordance with the provisions of said amendment, he shall be en-

titled to a judgment against the garnishee for the value of the property to the extent of the amount of the judgment against the debtor, with costs of the proceeding, to be satisfied out of such property wherever it may be found, and that in case it cannot be found, or a sufficient portion thereof to satisfy the amount of said judgment and costs, that the amount remaining due thereon shall be satisfied out of the property of the garnishee, not exempt from execution. Such a form of judgment is not authorized in express terms by the statute, but there is a general provision of the Code that gives to courts and judicial officers the means to carry into effect the jurisdiction conferred upon them, and to adopt any suitable process or mode of proceeding where none is specifically pointed out, which may appear most conformable to the spirit of the Code. (Civil Code, sec. 911.) The court is compelled to construe the statute in question, and it should give it that construction which would render all its provisions effectual. The legislature evidently intended by the amendment that the property attached should be made applicable to the payment of the debt, otherwise it would not have required that the judgment in the action direct a sale of the property. This course would obviate the objection against the recovery of a general judgment against the garnishee for the value of the property in his hands after directing its sale in the judgment against the debtor to satisfy it, which, to my mind, has always seemed to be an incongruity. Under this view the former opinion of this court before expressed is modified, and the judgment appealed from will be modified in accordance with this opinion.