[Filed March 24, 1890.]

OTELIA DeWITT, Appellant, *v.* PENUMBRA KELLY, Respondent.

The proceedings of a sheriff upon an execution against a garnishee under subdivision 1 of section 284 of the Code, is not affected by the Act amending the attachment law, approved October 21, 1878, constituting section 157 of the Code.

Appeal from a decree of the circuit court for the county of Multnomah given upon the pleadings in the suit, the plaintiff therein having failed to file a reply to the new matter of defense set up in the answer.

The suit was against the defendant as sheriff of said county to enjoin him from selling certain real property belonging to the plaintiff situated in the city of Portland, under and by virtue of an execution issued upon a judgment recovered in an action brought by Rosenfeld, Smith & Co., a corporation formed under the laws of the State, and against one F. M. DeWitt. The plaintiff claimed that the proceedings of the sheriff were illegal, and that the sale of the property would cast a cloud upon her title to it, and cause her irreparable damage.

The defendant filed an answer to the complaint denying the allegations therein, that he had no authority to levy upon and sell the property, and that a sale of it would cast a cloud on plaintiff's title to it and cause damage to plaintiff. And for a further defense alleged that at the time of the commencement of the action brought by Rosenfeld, Smith & Co. against said F. M. DeWitt a writ of attachment was issued therein against the property of the latter, and said writ of attachment having been served on the plaintiff herein, she made to said sheriff a written answer thereto or certificate, as follows:

"In the Circuit Court of the State of Oregon for the County of Multnomah. Rosenfeld, Smith & Co., plaintiff, *v.* F. M. DeWitt, defendant. To the sheriff of Multnomah county: In answer to the garnishment served on me in the above-entitled cause, I say that at the date, to-wit, eleventh day of February, I did owe the defendant, F. M. DeWitt, $1,000, but did not have any property belonging to him. (Signed.) Mrs. Otelia DeWitt."

That said answer was made a part of the sheriff's return upon said writ, and was filed in said court and became a part of the judgment roll in said action. That on the first day of July, 1889, a judgment was entered in the action against F. M. DeWitt and in favor of Rosenfeld, Smith & Co. for the sum of $5,641.88, with interest and costs, and that in and by said judgment it was ordered and adjudged that the property attached be sold or applied in the payment of said judgment. That on the twenty-fourth day of September, 1889, an execution upon the said judgment was issued and delivered to the sheriff for service. That upon receipt of said execution the sheriff demanded of said garnishee, Otelia DeWitt, the payment of said $1,000 admitted to be due to the said F. M. DeWitt, and she having failed and neglected to pay the same, he, said sheriff, duly levied upon the property described in the complaint and advertised it for sale.

The plaintiff filed a demurrer to the said answer for the

reason that it did not state facts sufficient to constitute a defense or counter-claim.

The court overruled the demurrer, and the plaintiff having failed and refused to file a reply to the new matter of defense, rendered a decree against the plaintiff, dismissing her complaint, which is the decree appealed from.

*F. R. Strong*, for Respondent.

*Milton W. Smith*, for Appellant.

PER CURIAM.—The appellant's counsel contends, first, that Rosenfeld, Smith & Co., in the original attachment suit, when Otelia DeWitt answered that she owed $1,000, should have taken judgment on that answer against her, so that she might be protected from a second payment thereof; second, that having elected to take an order for the sale of the attached property, the plaintiff in the original attachment suit could not proceed to sell the property of the garnishee without first having obtained title to the property attached; that section 157 of the Code, as amended by the Act of October 21, 1878, changed the former rule concerning attachments, and if the plaintiff in the attachment proceedings elected to take this remedy it should have acquired title of claim against Otelia DeWitt before proceeding against her. Citing *Carter, Rice & Co. v. Koshland*, 12 Or. 492.

The statute does not permit a plaintiff in an attachment suit to take judgment against a garnishee on account of a debt owing by the garnishee to the defendant in the ·suit, except where the latter refuses to furnish to the sheriff a certificate of the indebtedness, or when the certificate given is unsatisfactory, as provided in section 152 of the Code, as it is only in those cases that the proceedings provided for in sections 163, 165, 166 and 169 of the Code can be invoked. Hence the rule laid down in *Carter, Rice & Co. v. Koshland*, 12 Or. 492, and as modified in the same case in 13 Or. 615, has no application to the facts in this case. Here the appellant, after being garnisheed, gave a certificate admitting the indebtedness, which authorized the

sheriff under subdivision 1 of section 284 of the Code, it appearing that the debt was due, and she not having paid it to the sheriff on demand, to levy on her property for the amount thereof. It is very questionable whether the new matter in the answer is sufficient to show that the debt in question was duly levied upon by the respondent as sheriff under the writ of attachment, but as no objection is taken to the proceeding on that ground, the court does not feel called upon to consider it.

The decree appealed from will therefore be affirmed.