## SANDUSKY CEMENT CO. v. A. R. HAMILTON & CO.

(District Court, N. D. Ohio, E. D.   March 22, 1921.)

No. 10911.

1. **Garnishment ☞97—Irregularities in service do not defeat jurisdiction.**

Objections which refer merely to the regularity of the execution of the order of attachment, the service of the garnishee summons, and of the order of publication do not defeat the jurisdiction of the court, even if such proceedings were irregular.

2. **Attachment ☞77—Garnishment ☞86—Sufficient affidavit is essential to jurisdiction.**

A sufficient affidavit is essential to a valid order of attachment or garnishment, and no jurisdiction can be acquired in the absence of personal service, either by levy of attachment or by service of garnishee summons, unless the affidavit is sufficient in law.

3. **Courts ☞366 (10)—Whether plaintiff may garnishee himself is question of local law.**

The question whether plaintiff can obtain service on defendant by service upon himself as garnishee is a question of local law, depending on the interpretation of the statutes of the state regulating garnishee process, and relating to tangible things having a local situs, so that the Ohio decision permitting a plaintiff to be a garnishee is controlling on the United States court sitting in that state.

4. **Garnishment ☞21—Plaintiff may be garnisheed, though he claims more than the debt he alleges he owes defendant.**

Even though the claim by plaintiff against defendant exceeds the debt which he alleges he owes to defendant, and which, under Gen. Code Ohio, § 11317, is a proper subject of set-off against the debt he owes defendant, he still may obtain service on defendant by summons to himself as garnishee, since set-offs and counterclaims are separate causes of action until extinguished by verdict and judgment, and the Ohio law does not require the debt of the garnishee to be payable absolutely and unconditionally.

5. **Garnishment ☞88—Positive affidavit of indebtedness is equivalent to affidavit of reasonable belief.**

An oath positively made on personal knowledge that the garnishee is indebted to defendant is equivalent to the oath required by Gen. Code Ohio, § 11828, that the party has good reason to believe and does believe the garnishee is indebted.

6. **Garnishment ☞88—Statement garnishee is indebted to defendant is sufficient description of property.**

In an affidavit for attachment and garnishment, the positive statement that a named corporation is indebted to the defendant is sufficient description of the property to be attached, under Gen. Code Ohio, § 11822, to sustain a service of garnishee summons, since the words "debts" and "credits," used in that section and in sections 11832, 11837, are equivalent to each other, and the description is sufficient to enable the court to provide for the custody of the property pending further proceedings.

At Law.   Action by the Sandusky Cement Company against A. R. Hamilton & Co., a corporation, begun in the state court and removed to the United States District Court.   On motion to dismiss.   Denied.

Dustin, McKeehan, Merrick, Arter & Stewart, of Cleveland, Ohio, for plaintiff.

Day, Day & Wilkin, of Cleveland, Ohio, for defendant.

☞For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

WESTENHAVER, District Judge. This action was begun in the court of common pleas of Cuyahoga county and was properly removed to this court. The defendant, appearing specially for the purpose, moves to dismiss this action on the ground that it appears that no jurisdiction was properly acquired of either the person or property of the defendant.

The summons in this action was returned as to the defendant "Not found." An order of attachment and notice of garnishee was also issued at the same time upon an affidavit duly filed. The return of the order of attachment shows no levy or seizure of any property, but a service of the garnishee summons upon the alleged garnishee, the plaintiff in this action, the Sandusky Cement Company. Since the removal, this garnishee has filed an answer admitting that on December 1, 1920, the date the garnishee summons was served, it was indebted to the defendant in the sum of $19,932.48.

[1] Of the several grounds urged in support of the motion, all except the fifth must be regarded as ruled adversely to the defendant's contention, by Cleveland & Western Coal Co. v. J. H. Hillman & Sons Co. (D. C.) 245 Fed. 200, and cases therein cited. These several grounds go merely to the regularity of the execution of the order of attachment, the service of the garnishee summons, and of the order of publication. They seem to me to be regular, but, even if irregular, would not go to the jurisdiction of the court, but might even now be remedied, for the reasons stated in the case just cited.

[2] The fifth, however, is fundamental, and, if sustained, the order of attachment and the garnishee summons must be quashed, and the plaintiff's action will fail for want of jurisdiction. A sufficient affidavit is essential to a valid order of attachment of garnishee process, and, if the affidavit is insufficient in law, no jurisdiction has been or can be acquired, in the absence of personal service, either by the levy of an attachment or the service of a garnishee summons. See case last cited. In support of the fifth ground of the motion, two reasons are urged why the affidavit is fatally defective: (1) That the person stated therein to be indebted to the defendant is the plaintiff itself, and hence no funds or property was or can be garnisheed; and (2) that the affidavit fails to state that the affiant had good reason to believe, and does believe, that the garnishee has property of defendant in its possession, and does not describe that property, as is required by section 11828, G. C. of Ohio.

[3] 1. Whether or not garnishee process may be issued against and levied on an indebtedness due from the plaintiff to the defendant in the same action is a question respecting which the authorities are in much conflict. For a general review of the conflicting decisions on this question, reference is made to 55 L. R. A. 353, editor's note. The cases holding that garnishee process may not be so levied, and jurisdiction thus acquired, base this conclusion on the view that garnishee process is, in substance, an action by the plaintiff against the garnishee debtor, and that the same party may not be both plaintiff and defendant in the same action. This view is repudiated in the leading federal case of Graighle v. Notnagle, Fed. Cas. No. 5,679, opinion by Mr. Justice

Washington. The only other federal case to which my attention has been called is Rice v. Sharpleigh Hdwe. Co. (C. C.) 85 Fed. 559, a decision by District Judge Hammond, which holds that, in an action at law under the statute of Tennessee, the plaintiff cannot garnishee an indebtedness owing by him to the defendant; but this decision is based on the restrictive language of the Tennessee statute. In my opinion, this question is one of local law, since it depends on the interpretation of the statutes of the state, providing for the issue and levy of garnishee process, and relates to tangible things having a local situs. See Swift v. Tyson, 16 Pet. 1, 10 L. Ed. 865; B. & O. R. R. Co. v. Baugh's Admr., 149 U. S. 368, 13 Sup. Ct. 914, 37 L. Ed. 772. In Ohio in Norton v. Norton, 43 Ohio St. 509, 3 N. E. 348, it is held that the plaintiff may thus be garnisheed, and, inasmuch as this decision has never been overruled, or even criticized, it is upon this question an authority controlling in this court.

[4] Defendant's proposition that the allegations of plaintiff's petition, if true, show an excess of indebtedness in plaintiff's favor over the debt owing by it to the defendant, which is garnisheed, and hence that no indebtedness was due and owing from the person garnisheed, to the defendant, at the time the garnishee summons was served, is, in my opinion, not tenable. This proposition assumes the very matter in dispute, namely, whether plaintiff is entitled to recover at all upon the cause of action set forth in its petition. Whether plaintiff's indebtedness to the defendant is a good set-off, or a good counterclaim on behalf of the defendant to the claim or demand made in plaintiff's petition, cannot be determined from the record. It may, however, be admitted that plaintiff's cause of action is so connected with plaintiff's indebtedness to the defendant that one is available as a set-off or counterclaim against the other, under section 11317, G. C. of Ohio; but, even so, set-offs and counterclaims are independent and separate causes of action, and remain so until extinguished by verdict and judgment. The authorities cited and relied on by defendant are not in point. Some are to the effect that the indebtedness owing by the garnishee to the defendant must be a demand payable absolutely and unconditionally; but this is not the law of Ohio, under which any interest is the subject of garnishee process. See Norton v. Norton, 43 Ohio St. 509, 3 N. E. 348, and cases cited. Other cases cited hold that, if there are mutual credits or demands between the garnishee and the defendant, and those of the defendant exceed those of the garnishee, the garnishee process cannot be maintained, because no funds are thereby seized or levied on. These cases have no application to the situation now before me.

[5] 2. The other objection to the sufficiency of the affidavit presents a question of greater difficulty. Section 11828 requires the plaintiff or its.agent or attorney to make oath in writing that he has good reason to believe, and does believe, that some person "has property of the defendant in his possession, describing it," in order that garnishee process may issue. The affidavit in this case was made by the secre-

tary of the corporation plaintiff. It is positive in form, and not merely upon information and belief. It says:

"Affiant further says that the following parties are indebted to the defendant, to wit: The Sandusky Cement Company, Engineers' Building, Cleveland, Ohio."

An oath positively made upon the personal knowledge of the affiant includes both the affiant's reason to believe and his actual belief in the truth of his positive statement. For this reason, the words of the statute, "good reason to believe and does believe," are, it seems to me, fully satisfied, and the defendant's objection in this regard is untenable.

[6] The other criticism of the affidavit is that the property in the defendant's possession is not described therein. The question thereby presented is whether a positive statement that the Sandusky Cement Company is indebted to the defendant is a description of property in the defendant's possession within the meaning of this section. An order of attachment requires the sheriff to attach "lands, tenements, goods, chattels, stocks, or interest in stocks, rights, credits, money, and effects of the defendant." Section 11822. The procedure to be followed in the event tangible property is seized, is set forth in section 11826. When garnishee process is served on any third person, it binds all the property of the defendant in his hands, and money and credits due from him to the defendant (section 11837), and this seems to include property other than that described in the affidavit. If the garnishee admits an indebtedness to the defendant, the court may order the payment of it in whole or in part to the plaintiff. Section 11832.

The words "debts" and "credits," as used in these several sections, are, it seems to me, equivalent to each other. One is indebted to another only when there is a sum of money due and owing from one to another. That which one owes to another is a credit in favor of the person to whom it is owing, and a debt of the person by whom it is owing. Hence the statement in the affidavit that the Sandusky Cement Company is indebted to the defendant is the equivalent of a statement that defendant has a credit in the hands of the garnishee debtor, or that the garnishee debtor owes a debt to the defendant. This, it seems to me, is a sufficient description of property in the possession of the garnishee to satisfy the requirements of the statute. A description is required only with a view to identifying the property, and to enable the court and its officers to provide for its custody pending further proceedings. No statement is required of the consideration out of which the debt or credit arose. My conclusion is that the affidavit is sufficient.

The garnishee having filed an answer admitting the indebtedness owing to defendant, section 11850 requires the court either to order the payment thereof into court or to take from the garnishee a bond in favor of plaintiff, with sufficient surety that the amount will be paid as the court directs. In view of the fact that the plaintiff is also the garnishee debtor, the order proper to be made is that this sum should

be paid into court, and unless defendant acquiesces in the substitution of a bond or some other method for the preservation and safe-keeping of the fund, it will be so ordered.

An exception may be noted on behalf of the defendant to the overruling, of this motion.