## HARRIMAN v. RICHARDSON.

(Court of Appeals of District of Columbia. Submitted March 7, 1921. Decided June 6, 1921.)

No. 3445.

1. **Sales ⬅➡390—Recovery of advance payments on rescission for noncompliance with conditions is not an action on a sealed instrument.**

An action by the buyer against the seller of goods not yet manufactured to recover the advance payment after buyer had properly refused to receive the goods because they did not conform with the requirements of the contract which was under seal, is an action for money had and received on the theory that contract had been rescinded, and not an action on a sealed instrument, and therefore recovery may be had on the common counts.

2. **Sales ⬅➡178(2)—Buyer need not return goods which do not conform to contract.**

When buyer rightfully rejects goods because they do not conform to the contract requirements, he is under no obligation to return them to seller, but may simply refuse to regard them as his.

3. **Attachment ⬅➡63—May be levied on defendant's goods in plaintiff's possession.**

Under Code of Law, §§ 445, 446, authorizing attachment of chattels of defendant, and section 452, providing that attachment may be levied on the chattels of defendant, whether in defendant's or third person's possession, the provision of the latter section was intended to authorize attachment of chattels in possession of a stranger, and does not impliedly prohibit the levy of attachment on defendant's chattels, which are in plaintiff's possession.

Appeal from the Supreme Court of the District of Columbia.

Action by Frank T. Richardson against Frank H. Harriman, trading under the firm name and style of the Harriman Motors Company. Judgment for plaintiff, and defendant appeals. Affirmed.

Percy H. Marshall, of Washington, D. C., for appellant.

H. B. Moulton, W. W. Millan, and R. E. L. Smith, all of Washington, D. C., for appellee.

BAILEY, Acting Associate Justice. Frank H. Harriman, trading under the name and style of the Harriman Motors Company, the appellant, sold to Frank T. Richardson, the appellee, by a contract of conditional sale under seal, two airplane motors at the price of $3,600, payable $1,000 cash and the remainder in installments. In the face of the contract the purchaser acknowledged the receipt of two airplane motors, of 100 horse power each, but as a matter of fact the motors were not delivered until some time after the execution of the contract.

Appellee, the purchaser, claimed that when tested the motors would not develop more than about 60 horse power each, and were otherwise defective; that thereupon he wrote the seller that he would make no more payments, tendered the motors to the seller, and demanded the return of the $1,000 which he had paid, which was refused; and thereupon the appellee placed the motors in storage. He then brought this action by original attachment levied upon the motors as the property of the appellant, upon the ground that appellant was a nonresident of the District of Columbia.

The appellant appeared specially, and moved to dismiss the attachment, and also to require the marshal to amend and correct his return upon the attachment, to show that the appellee was in possession of the property attached. Both motions were overruled.

The declaration was in assumpsit on the common counts. The defendant below pleaded the general issues in debt and assumpsit, and issue was found thereon. Appellant again moved to dismiss the attachment, to release the levy, and release the forthcoming bond. All these motions were overruled.

Proof was then offered by each party before the jury, and thereafter appellant moved the court to direct a verdict in his favor, first, because no recovery could be had upon the common counts for breach of warranty of a special contract; second, because no recovery could be had in an action of assumpsit for breach of warranty under seal. He also renewed his motion to dismiss the attachment and discharge the bond. These motions were overruled. The court charged the jury that the case was one of implied warranty of 'the horse power of the motors, and the jury returned a conditional verdict for the appellee in the sum of $1,000, if the court should be of the opinion that he ought to recover.

The court ordered judgment in favor of the appellee, from which the appellant has appealed.

[1] As to appellee's right to recover on the common counts, this is not an action upon a sealed instrument for a breach thereof, but is an action for money had and received, upon the theory that the contract has been rescinded. As stated in Pope v. Allis, 115 U. S. 363, 6 Sup. Ct. 69, 29 L. Ed. 393:

"When the subject-matter of a sale is not in existence or not ascertained at the time of the contract, an undertaking that it shall, when existing or ascertained, possess certain qualities, is not a mere warranty, but a condition, the performance of which is precedent to any obligation upon the vendee under the contract, because the existence of those qualities being part of the description of the thing sold becomes essential to its identity, and the vendee cannot be obliged to receive and pay for a thing different from that for which he contracted [citing authorities].

"So, in a recent case decided by this court, it was said by Mr. Justice Gray: 'A statement' in a mercantile contract 'descriptive of the subject-matter or of some material incident, such as the time or place of shipment, is ordinarily to be regarded as a warranty in the sense in which that term is used in insurance and maritime law, that is to say, a condition precedent upon the failure or nonperformance of which the party aggrieved may repudiate the whole contract.' * * *

"The authorities cited sustain this proposition, that when a vendor sells goods of a specified quality, but not in existence or ascertained, and un-

dertakes to ship them to a distant buyer, when made or ascertained, and delivers them to the carrier for the purchaser, the latter is not bound to accept them without examination. The mere delivery of the goods by the vendor to the carrier does not bind the vendee to accept them. On their arrival he has the right to inspect them to ascertain whether they conform to the contract, and the right to inspect implies the right to reject them if they are not of the quality required by the contract. The rulings of the Circuit Court were in accordance with these views. * * *

"The cases we have cited are conclusive against the contention of the plaintiffs in error. The jury has found that the iron was not of the quality which the contract required, and on that ground the defendant in error, at the first opportunity, rejected it, as he had a right to do. His suit to recover the price was therefore well brought."

In this case the motors were shipped to the purchaser at Washington, and the verdict of the jury is in favor of appellee's contention that, when tested, they failed to show the requisite horse power.

[2] "When the buyer rejects goods because they are not what the contract requires, he is under no obligation to return them; he may simply refuse to regard them as his." 3 Williston on Contracts, § 1463. In the instant case the purchaser notified the seller that he had rescinded the sale; and, if the motors sold were not of the character and quality specified in the contract, he had the right to recover the money already paid.

This is not an action upon a sealed instrument, but one in which a sealed instrument is merely used as evidence. It follows that there was no error in the failure of the court to direct a verdict in favor of the appellant.

[3] The validity of the attachment is contested upon the ground that the writ cannot legally be levied upon property in the possession of the plaintiff. Section 445, Code D. C., provides that the clerk shall issue a writ of attachment "to be levied upon so much of the lands, tenements, goods, chattels, and credits of the defendant as may be necessary to satisfy the claim of the plaintiff." There is no limitation here as to the location of the property. Section 446 requires "the marshal to serve notice on the defendant, if he be found in the District, and on any person in whose possession any property or credits of the defendant may be attached to appear in said court, * * * and show cause * * * why the property so attached should not be condemned." Apart from the case where the defendant is within the District, one purpose of this section is evidently to protect the rights of third parties in whose possession the property may be. Section 452 provides that the attachment may be levied upon the personal chattels of defendant, whether in defendants' or a third person's possession.

Appellant contends that this provision is exclusive, and forbids a levy upon property in the hands of the plaintiff. We cannot agree with this contention. We find nothing in the statute to show an intention to deprive the plaintiff of this means of satisfying a just claim against a nonresident of the District for the reason merely that the defendant's property may be in his (the plaintiff's) possession. We think the intent of section 446 is to make it clear that the property of the defendant may be attached even if in the hands of third persons, as well as in the defendant's, and does not limit the right to such cases. In our opinion

the attachment in this case was properly levied, and the court did not err in refusing to quash it.

There was no error in the action of the lower court, and the judgment will be affirmed, with costs.

Mr. Justice BAILEY, of the Supreme Court of the District of Columbia, sat in the place of Mr. Justice ROBB in the hearing and determination of this appeal.