PETER H. MORRISON, RESPONDENT, v. WILLIAM N. MORRISON, APPELLANT.*

St. Louis Court of Appeals.   Opinion filed September 21, 1926.

**Garnishments—Plaintiff Garnisheeing Himself—Not Permissible.** A plaintiff will not be permitted to garnishee himself, especially when he is acting in the capacity of administrator.

*Corpus Juris-Cyc. References: Garnishment, 28CJ, p. 50, n. 82, 84, 85, 86.

Appeal from the Circuit Court of the City of St. Louis.—Hon. William H. Killoren, Judge.

REVERSED AND REMANDED.

*Samuel H. Liberman* for appellant.

(1)  The judgment obtained by plaintiff against the funds of defendant, attached in the hands of plaintiff as executor, was void. State to use of Miller v. Bidlingmaier, 26 Mo. 483; Wilson v. Benedict, 90 Mo. 208; Clark v. Crosswhite, 28 Mo. App. 34; Woolridge v. Holmes, 78 Ala. 568; Joseph & Bros. Co. v. Hoffman, 56 So. 216; Rice v. Shapleigh, 85 Fed. 559; Nevian v. Poschinger, 23 Ind. App. 695, 55 N. E. 1033; Courtney v. Carr, 6 Ia. 244; First National Bank v. Elliot, 62 Kan. 765; Belknap v. Gibbens, 13 Metcalf 473; Blaisdell v. Ladd, 14 N. H. 129; Hoag v. Hoag, 55 N. H. 172; Knight v. Clyde, 12 R. I. 119; 14 Am. & Eng. Enc. of Law 809; 24 Corpus Juris 812. (2)  Since the proceedings in attachment and the judgment rendered thereon were void, the court had no jurisdiction over the action and the cause should be reversed.  Marvin v. Hawley, 9 Mo. 382; Bray v. Marshall, 66 Mo. 122; Fields v. Maloney, 78 Mo. 172; Haley v. Hannibal & St. Joseph Ry. Co., 89 Mo. 112; Fletcher v. Wear, 81 Mo. 524; Gates v. Tusten, 89 Mo. 113; State ex rel. Kelly v. Trimble, 247 S. W. 187, 297 Mo. 104; Mercantile Co. v. Beetles, 58 Mo. App. 384; Trinidad Asphalt Mfg. Co. v. Standard Oil Co., 214 Mo. App. 115; 28 Corpus Juris, Garnishment, sec. 14, p. 26; Freeman, Judgments, pp. 117-119.  (3)  Part payment on account of a note does not in itself remove the bar of the Statute of Limitations.  Therefore, instruction No. 1, given for plaintiff covering his entire case, was erroneous.  The instruction also assumed the truth of a controverted fact.  Regan v. Williams, 195 Mo. 620; Cuneo Importing Co. v. Pennsylvania R. Co., 171 N. Y. S. 318; I wood on Limitations (3 Ed.), sec. 99; 37 Corpus Juris 1148; Smith v. Southern, 210 Mo. App. 288; Wasson v. City of Sedalia, 236 S. W. 399; Mitchell v. Glassman, 241 S. W. 962; Harrison v. American Car & Foundry Co., 254 S. W. 559.  (4)  Evidence of statements made by the mother of plaintiff and defendant as to her intention to pay the note and evidence as to the value of the property received by plaintiff under the will of the mother was admissible to show that the note had been paid.  Clause 13, paragraph Second and paragraphs Third and Fourth of Will; 30 Cyc, Payment, p. 1260; McLaughlin v. Webster, 141 N. Y. 76, 36 N. E. 1081.  (5) Plaintiff was entitled to recover but one judgment on his cause of action.  The verdict of the jury and the judgment of the court rendered thereon gave plaintiff a second money judgment on the same cause of action.  Secs. 1784-1790, R. S. 1919.

*Alfred Kehde* and *A. L. Anderson* for respondent.

(1)   The judgment obtained by plaintiff against the funds of defendant was not void.   There is no valid legal objection to plaintiff attaching a fund which he holds as executor.   Gallum v. Weil, 116 Wis. 236; Egolf Building & Loan Assn. v. Cleaver, 228 Pa. 60; Chicago Sugar Refining Co. v. Jackson Brewing Co., 48 S. W. 275; Boyd v. Bayless, 4 Hamp. 386; Arledge v. White, 1 Head. 241; Norton v. Norton, 43 Ohio 509; Dudley v. Falkner, 49 Ala. 148; Grayson v. Veech, 12 Mart. 688; Graighle v. Notnagel, Pet. C. C. 245, Fed. Cas. No. 5, 679; Moyer v. Lobengeir, 4 Watts 390; Jos. Joseph & Bro. v. Hoffman, 56 So. 216; 55 L. R. A., p. 353, Note; Sec. 1846, R. S. 1919.
(2)   The court had jurisdiction because:   (1) The garnishment was proper.   See authorities under point I.   (2)   Defendant, by filing his petition for review, entered his appearance to the suit, thus authorizing a general judgment.   Hays v. Laclede-Christy Clay Products Co., 245 S. W. 197; State ex rel. v. Grim, 239 Mo. 174; Bankers Life Ass'n v. Shelton, 84 Mo. App. 659.   (3)   Instruction No. 1, given at plaintiff's request, was not erroneous, because the instruction, when read with defendant's instruction No. 2, fairly presented the issues and required a finding by the jury of all the elements necessary.   Instructions must be read together and construed as a whole, and the giving of an incomplete instruction is not reversible error if its deficiencies are supplied by another.   State ex rel. Dowell v. Allen, 250 S. W. 580; Hughes v. Railroad, 127 Mo. 452; Tawney v. United Rys., 262 Mo. 69; Cornovski v. St. Louis Transit Co., 207 Mo. 263; State ex rel. Ambrose v. Trimble, 263 S. W. 840; State ex rel. Jenkins v. Trimble, 291 Mo. 234; McIntyre v. Railroad, 286 Mo. 260; State ex rel. North British & Mercantile Ins. Co. v. Cox et al., 270 S. W. 113.   (4)   Defendant's offer of proof was not admissible, because:   (1)   Not relevant to any issue.   (2) The statements were not made in the presence of plaintiff.   (5)   The case should not be remanded on account of the form of the judgment, because:   (1)   The point was not called to the attention of the trial court in the motion for new trial.   (2)   The judgment is in proper form.   Secs. 1535-37, 1784, R. S. 1919.   (3)   The case was tried on the theory that the cause should proceed as though the former judgment had not been rendered.   Defendant is, therefore, estopped to complain of the form of the judgment.   Chilton v. Cady, 250 S. W. 403, 298 Mo. 101.   (4)   If not in proper form this court should render a judgment to conform to the requirements of the statute. Secs. 1513-14, R. S. 1919; Pettingill v. Jones, 30 Mo. App. 280; Dixon v. Hunter, 204 Mo. 382; Blackmer v. Railroad, 192 Mo. App. 139; Pierson-Lathrop Grain Co. v. Britton, 209 S. W. 331, 202 Mo. App.

591; Howell v. Sherwood, 242 Mo. 513; Jones v. Prudential, 173 Mo. App. 1; State ex rel. Rife v. Reynolds, 137 Mo. App. 261.

NIPPER, J.—This is an appeal from a judgment of the circuit court, in favor of plaintiff and against defendant, in a suit on a note. On April 11, 1923, Peter H. Morrison, the plaintiff, filed a petition in attachment against the defendant, William N. Morrison. The petition alleged that, on October 14, 1903, defendant executed a note, payable to the order of plaintiff, in the sum of $1155, due one year from date, with interest; that on February 25, 1907, defendant paid on account of interest, $53.42; on December 15, 1911, the sum of $112.75; on April 1, 1918, the sum of $5; and on June 1, 1918, the sum of $5. On the same day the suit was filed an order of publication was granted, returnable to the June term, 1923, and a writ of garnishment was issued. The sheriff's return shows that, by order and direction of the attorney for plaintiff, he executed the writ on the 12th of April, 1923, by declaring in writing to plaintiff, who was the executor of the estate of Cornelia H. Morrison, that he attached in his hands all goods, moneys, etc., of defendant, and that he summoned said plaintiff executor as garnishee to appear before the circuit court to answer interrogatories. Plaintiff later filed interrogatories to be answered by himself as executor of the estate of Cornelia H. Morrison. He then filed his answers to the interrogatories he had propounded to himself as garnishee, and admitted that at the time of the service of the garnishment he had in his possession and under his control, $4000, belonging to defendant, which had been ordered by the probate court paid to said defendant. Thereafter, at the June term, a special judgment was rendered in favor of plaintiff and against defendant in the sum of $2519.82. On the same day plaintiff, as executor, was ordered to pay the amount of the judgment into the registry of the court. Thereafter, and at the same term, defendant appeared specially, and limited his appearance solely to the purposes of a motion to set aside the judgment, in which he alleged that plaintiff had procured an order of publication and an order of attachment. The motion sought to set aside the judgment on the ground that the court acquired no jurisdiction because of the services of the writ of attachment and garnishment, and because the judgment was void on the ground that plaintiff could not summon himself as garnishee. This motion was by the court overruled, and defendant filed his term bill of exceptions.

Afterwards, defendant filed a petition to set aside the judgment under sections 1784 and 1785, Revised Statutes 1919. Upon a trial had on the issues joined under the last-named procedure, plaintiff had a verdict and judgment against defendant. There are certain objections made to the form of instructions and to the evidence upon

220 Mo. App.—38.

this trial being sufficient to support the judgment. But in our opinion it is unnecessary to go into these questions in detail.

The first question raised by appellant, namely, that the judgment was void because plaintiff could not summon himself as garnishee, must, in our opinion, be answered in favor of appellant's contention. It is an unusual proceeding to permit a plaintiff to sue himself, and the fact that he may be executor would not alter the situation. The question as to whether or not plaintiff may summon himself as garnishee has not been dealt with directly by the courts of this State, and the decisions in other jurisdictions are at variance upon the question. It is insisted by counsel for respondent that the particular wording of the statute should govern, and that there is nothing in our statutes indicating that such a course would not be permissible. However, the authorities do not seem to deal with the question purely from the standpoint of the wording of the statute. In 28 C. J., p. 50, it is said:

"Under the foreign attachment custom of London, from which the remedy of garnishment was derived, plaintiff could summon himself as garnishee, and this practice has been allowed to a considerable extent under the garnishment statutes. But the better considered cases and, seemingly, the weight of authority, is to the contrary, This conflict seems to be irreconcilable. The terms of the statute vary, of course; but the decisions *pro* and *con* are usually based upon general considerations. The rule against allowing plaintiff to make himself garnishee is based upon the lack of necessity for resort to garnishment and the inaptitude of the remedy in such cases, and upon the adversary character of the proceeding against the garnishee. And accordingly it has been held that plaintiff cannot make himself garnishee even where his positions as plaintiff and garnishee respectively are in different capacities."

The authorities are not in accord, and an examination of the same reveals that plausible reasons are suggested both for and against permitting plaintiff to garnishee himself. However, the better rule seems to be, as well as the weight of authority, that a plaintiff should not be permitted to garnishee himself, especially when he is acting in the capacity of administrator.

The textwriter in Waples on Attachment and Garnishment, page 294, section 406, says:

"If the attaching creditor is the administrator of an estate, he cannot garnish himself so as to reach the funds in his own hands and render them available to subserve his own interest as attaching creditor."

In support of this statement is cited the case of Hoag v. Hoag, 55 N. H. 172. Many other states hold likewise, including Alabama, Iowa, Rhode Island, Massachusetts, Kansas, and Ohio.

To permit plaintiff to summon himself as garnishee would certainly create a conflict of interest between himself, in his individual capacity, and while acting as administrator or executor in handling a fund belonging to some one else.

Accordingly, the judgment of the circuit court is reversed, and the cause remanded. *Daues, P. J.*, and *Becker, J.*, concur.