## Valley Butter Co. *v.* Minnesota Coöperative Creameries Assn., Appellant.

Argued March 20, 1930. Before MOSCHZISKER, C. J., FRAZER, WALLING, SIMPSON, SADLER and SCHAFFER, JJ.

*Carl E. Glock,* with him *Reid, Smith, Shaw & McClay,* for appellant.—A trustee or attorney who by virtue of special authority receives money for another person may not commence a suit in foreign attachment against that other person by attaching in his own hands as garnishee the money received to the use of the other person: Tagg v. Bowman, 99 Pa. 376; Shearman v. Morrison, 149 Pa.

386; Hostetter v. Giffen, 268 Pa. 530; Simpson v. Pinkerton, 10 W. N. C. 423.

The court has authority to quash the writ of foreign attachment on facts appearing in defendant's petition to quash and undenied, but not appearing in plaintiff's statement of cause of action: Pasquinelli v. Mfg. Co., 272 Pa. 468.

*Max J. Spann,* for appellee.—A collecting agent may be charged as garnishee for property received for his principal: Riley v. Hirst, 2 Pa. 347.

The writ of foreign attachment is merely a process by which appellant's appearance in court is obtained: Pasquinelli v. Mfg. Co., 272 Pa. 468.

OPINION BY MR. CHIEF JUSTICE MOSCHZISKER, April 21, 1930:

The court below refused to quash a writ of foreign attachment; defendant has appealed. The principal questions involved are, (1) Does the record show that the funds attached were received by the garnishee as a special agent of defendant fixed with a trust relation to the latter? and (2) Should the writ have been quashed on that ground?

Plaintiff corporation summoned itself as garnishee, for the funds in question were in its own hands. It is well established that a plaintiff in foreign attachment may attach money in its own hands: Pasquinelli v. Southern Macaroni Mfg. Co., 272 Pa. 468, 473. It is also well established, however, that one who has received money in trust to dispose of it in a defined way cannot, in a suit by his principal to recover the fund, set off a debt due to himself in a matter not arising out of or connected with the trust relation,—"by accepting [a] special trust, [one] waives the general right of set-off": Tagg v. Bowman, 108 Pa. 273, 278; Hostetter v. Griffin, 268 Pa. 530, 534. Defendant contends that, with the averments of his petition to quash taken into account,

the record before the court below showed the present case within this last mentioned principle, which, defendant further contends, would prevent one in the position of plaintiff from attaching the present fund, since, says defendant, if it had sued plaintiff to recover this fund, the latter could not have used the debt alleged to be owing to it as a set-off in such a suit. Plaintiff filed no answer in the court below to the petition to quash, and made no point in this court as to whether the above mentioned principle, relied on by defendant, could under any circumstances be available to it on a motion to quash a foreign attachment. Again, plaintiff made no point before us as to whether, as a matter of proper practice, the averments of defendant's petition to quash could be accounted part of the record for purposes of quashing the attachment, but contended that, even assuming the possible applicability of the principle relied on, and heeding the averments in question, the court below properly refused the relief asked by defendant. We shall review the case accordingly.

Assuming, but not deciding, that the record for our consideration embraces the præcipe for the writ of foreign attachment also, plaintiff's statement of claim and defendant's petition to quash, with the exhibits attached thereto, the case appears as follows: The præcipe asks for a writ of foreign attachment, in assumpsit, against defendant, "a corporation incorporated under the laws of the State of Minnesota, which has property within the jurisdiction of the County of Allegheny, Pennsylvania, and is not now a resident of the State of Pennsylvania nor within the County of Allegheny......[; the] sheriff to attach moneys......of the defendant in the hands......of Valley Butter Company [plaintiff], a Pennsylvania corporation, and summon [it] as garnishee." The statement of claim avers the facts just recited from the præcipe, and sets forth that plaintiff claims of defendant $22,172.51, with interest from August 1, 1929; that plaintiff entered into an agreement

with defendant whereby the latter constituted the former the exclusive distributor of its product in a designated territory, the plaintiff "to receive brokerage or commission ['one-fourth of one cent per pound'] on all sales made......in its territory"; that the above mentioned sum sued for represents net commissions due plaintiff, which defendant had failed to pay. Defendant's petition in support of the motion to quash the attachment avers that plaintiff "had in its possession at the time the writ of attachment was served......$15,-556.77 [the fund attached], which it had collected from Harmony Creamery Company on behalf of defendant" and, without authority from the latter, "had applied it as a credit against commissions which [it] claimed of [defendant]"; that the last mentioned sum was collected by plaintiff "pursuant to the terms of a written trust agreement" attached to the petition; that defendant had been advised by counsel, believed, and therefore averred, that the money collected by plaintiff for its account "constituted a trust fund," not subject to attachment by plaintiff in its own hands as garnishee. Finally, the exhibit attached to the petition to quash is headed "Memorandum of Agreement," and, after reciting that defendant had "by instrument under even date ......, for value received, sold, assigned, transferred, and set over unto [plaintiff] all its claim and account against the Harmony Creamery Company," states that plaintiff held "said assignment of the said account in trust" for the benefit of defendant and agreed to turn over to it all moneys collected thereunder, "the intent of this memorandum being that the [plaintiff] is trustee of [defendant] for any and all moneys......received from the Harmony Creamery Company by virtue of the aforesaid assignment." After which the memorandum is duly signed and sealed by plaintiff corporation. Then follows an addition to the memorandum, duly signed and sealed by defendant corporation, which states that "The above agreement is entered into by [plaintiff corpora-

tion] for the sole purpose of protecting the name of the [defendant corporation] from appearing in any way as a creditor of the Harmony Creamery Company."

The court below took the view that, considering both parts of the foregoing memorandum, the so-called "trust" which it created was a mere "passive" one which did not necessarily fall within the principle of the cases which hold that money received in trust cannot be retained by the recipient to pay a debt due him by the owner of the fund; adding, however, that the refusal of the motion to quash would not prevent defendant, later on, from again raising the questions which it sought to have adjudicated on its motion to quash.

We are not convinced that the court below erred in refusing to quash the attachment. As stated by us in Pasquinelli v. Southern Macaroni Mfg. Co., supra, page 473, "writs [of foreign attachment] will not be quashed unless some fundamental irregularity" plainly appears in the record itself; and, as there added, "cases where this principle has been departed from will be found to present unusual features which distinguish them from the rule as stated." Here, the memorandum of agreement relied on by appellant recites another instrument in writing whereby defendant, "for value received" sold and transferred to plaintiff the account against the Harmony Creamery Company; yet this other instrument is not attached to the memorandum or otherwise brought upon the record, and therefore could not be viewed by the court on the motion to quash. Considering this fact and also that the memorandum in question shows a declaration by defendant that the so-called trust agreement was entered into "for the sole purpose" of protecting the name of defendant from appearing as a creditor of the Harmony Creamery Co., and, still further, that this purpose was apparently accomplished by the collection of the debt in question by plaintiff company, in its own name, we are not convinced that this is a case where the facts relied on by defendant as showing fundamental

irregularity plainly appear in the record. On the contrary, it impresses us that the court below very wisely decided to sustain the attachment and allow the issues raised by defendant to be decided at trial, when all the facts may be fully developed.

The order refusing to quash the attachment is affirmed.