Argued March 20; reversed April 9; rehearing denied
May 21, 1935

# UNITED STATES NATIONAL BANK OF PORTLAND *v.* RAWSON ET UX.

(43 P. (2d) 184)

360

*L. E. Schmitt,* of Portland, for appellants.

*John C. Kendall,* of Portland (Ridgway, Johnson & Kendall, of Portland, on the brief), for respondent.

KELLY, J. The title of this case set forth in plaintiff's complaint discloses that plaintiff sues in its capacity as trustee. The first further and separate defense alleges:

"That on or about January 21st, 1928, the said Edward H. Smyth made and executed a Declaration of Trust to the United States National Bank of Portland, Oregon, as Trustee, of certain real and personal property, and on the same day made, and executed an amendment to said Declaration of Trust, which contained the following provisions in words and figures as follows, to-wit:

'The trustee shall transfer, assign and/or pay over to Frederick Rawson, if he survives trustor, that certain Republic of Peru 6% External Sinking Fund Gold Bond, First Series denomination One Thousand ($1,000.00) Dollars, due 12/1/60, No. TM36822 and/or the definitive bond to be issued in lieu thereof if exchange of bond No. TM36822 is hereafter effected.'

"That thereafter on or about July 5th, 1928, the said Edward H. Smyth, trustor as aforesaid, made and executed a further amendment to said Declaration of Trust, by revoking the above provision in said amendment to the Declaration of Trust, and added in lieu thereof, the following, to-wit:

'Said Trustor has loaned to Frederick Rawson, one of the residuary beneficiaries mentioned in subdivision SIXTH hereof the sum of One Thousand Eight Hundred ($1,800.00) Dollars represented by a promissory note of the said Frederick Rawson dated —— due —— bearing interest at the rate of —— per cent. per annum according to its terms. It is trustor's express intention and the trustee is so directed to deduct from the beneficial interest or share of the said Frederick Raw-

son mentioned in subdivision Sixth hereof the indebtedness mentioned above (both principal and interest) in the event such indebtedness shall not have been paid in full during trustor's lifetime or on or before the expiration of sixty days from and after the date of death of trustor.'

"That on or about the 12th day of June, 1928, as near as defendant know Trustor under the right and authority reserved in said declaration of trust, advised the said trustee that he desired to make a loan of $1,800.00 to these defendants, but was advised by said trustee that he did not have the sum of $1,800.00 in cash on hand, and it would be necessary to sell a bond to raise the additional amount required, and said trustee thereupon sold that aforesaid certain Republic of Peru bond, and thereupon said Edward H. Smyth loaned $1,800.00 to these defendants, and said defendants as evidence of said loan, made, executed and delivered to said Edward H. Smyth their certain promissory note, due sixty days after date, being the same identical note set forth in the complaint and reference to which is hereby made and the same is made a part hereof."

Based upon the foregoing allegation, the admissions and allegations in plaintiff's reply and the evidence introduced herein defendants urge that plaintiff should have paid the note in suit from the beneficial interest or share of defendant Frederick Rawson in and to said trust.

In plaintiff's reply the execution and delivery on January 21, 1928, of a trust agreement in writing is admitted between Edward H. Smyth, therein termed the "trustor" and plaintiff herein, therein termed, "trustee" by the terms of which certain properties of said Smyth, including the Peru bond, hereinbefore mentioned, were transferred to plaintiff herein, but in trust only and as trustee for said Smyth for the uses and purposes in the agreement set forth.

The making of the two amendments to said trust agreement is admitted in said reply as set forth in defendants' answer; and in said reply it is alleged that on October 26, 1928, said Edward H. Smyth transferred to plaintiff as such trustee the said note of $1,800, and a mortgage purporting to secure payment of the same.

In defendants' case in chief, said declaration of trust and the amendments thereto were introduced in evidence. Plaintiff introduced no evidence in rebuttal.

This declaration of trust originally transferred to plaintiff, as trustee, certain stock certificates in six different corporations and three bonds together with two parcels of real property of the indicated aggregate value of $4,170.02. By it, the plaintiff was directed to manage and care for the property, pay certain life insurance premiums and pay to trustor's mother-in-law $10 each month during trustor's lifetime, the remainder of the net income to be paid to trustor.

This trust agreement also directed the payment by the trustee of trustor's funeral expenses and other valid claims, debts and expenses owing by trustor at the time of his demise.

By it, the plaintiff, as trustee, was directed to convey to defendant Frederick Rawson, if he should survive trustor, the real estate for cemetery purposes mentioned in exhibit A of said trust agreement; and, from the rest, residue and remainder of the trust estate to pay to trustor's mother-in-law, if she should survive trustor, the sum of $2,000.

By the *sixth* subdivision of paragraph XIV of said trust agreement, as originally executed, it was provided that: All the rest, residue and remainder of the trust estate should be transferred, assigned, or paid over on

the death of trustor to three sisters-in-law of trustor and defendant Frederick Rawson, who was a brother-in-law of trustee, share and share alike, with the further provision that if any such beneficiary be deceased, the share of which such deceased beneficiary would have been entitled to receive, if living, should be paid over to the heirs of such deceased beneficiary as determined by the laws of descent and distribution then in force in the state of Oregon, but in equal shares.

Further amendments were made by said trustor to said declaration of trust, but none of them revoked the provision constituting defendant Frederick Rawson one of the residuary beneficiaries thereunder.

It appears in evidence that the trustor, Mr. Smyth, died in December, 1930.

In this state of the record, we have an executory trust wherein the trustee is seeking to enforce a claim against a beneficiary or cestui que trust, who insists that in the proper administration of the trust such claim would be entirely discharged.

■■ The burden is upon the trustee of proving that the trust has been properly administered and that the claim here asserted is still an existent and undischarged claim. From some phases of the oral argument, it would appear that the administration of the trust has not been closed. If such be the case, the proper forum in which to determine the issues herein is a court of equity: Vol. 2, Beach on Trusts and Trustees, § 750, p. 1718.

■ If, on the other hand, the trust estate has been fully closed and there remains only a definite amount due from defendants to the trustee free from the necessity of any accounting by said trustee, an action at law is a remedy available to the trustee notwithstanding its fiduciary relation to one of the defendants. In order to

support an action at law by a trustee against a beneficiary or cestui que trust, the burden is upon the trustee to prove that only a legal demand is involved. The present state of this record does not meet that requirement. It seems to indicate that plaintiff's remedy is in equity.

While it is true that there is no express direction in the amendment to the trust agreement dealing with the note in suit to the effect that, if Rawson's residuary share should not equal the amount otherwise due on said note, nevertheless the amount of such share should be applied pro tanto in discharge of said note. We think that such was the clear intention of the trustor and that in those circumstances such residuary share of the said Rawson should be so applied and a decree for the payment by defendants of the balance only should be entered.

For a second further and separate defense herein defendants allege that on or about the 5th day of January, 1929, these defendants and said Edward H. Smyth made and entered into an agreement by the terms of which said defendants transferred and assigned to said Edward H. Smyth all defendants' right, title and interest in and to a certain contract for a deed which defendants had purchased from one Pauley and wife and the said assignment and transfer of said contract was in full payment and satisfaction of said $1,800 note and interest accrued thereon.

The preparation, signing and acknowledgment of an instrument, either in the nature of a deed or of an assignment of the Pauley contract, is shown by defendants' testimony, and that of the notary, who took their acknowledgment; but the delivery of said deed or assignment to Smyth is not shown.

Because of plaintiff's failure to prove that the trust has been fully administered, a retrial hereof is necessary at which, if they so desire, defendants should be permitted to offer further evidence of the delivery of said deed or assignment.

In case application should be made to transfer this cause to the equity side of the court, nothing herein said should be deemed to be a restriction upon the trial court's right to grant such application upon such terms as in the judgment and discretion of the trial court are just and proper.

At the conclusion of the testimony, the trial court immediately ruled that defendants' second, further and separate defense had not been established and then plaintiff advised the court that in case the court also held defendants had failed to establish their first further and separate defense, besides a judgment in the main action upon the note in suit, plaintiff would want the customary order against the garnishee. To this, defendants then objected and secured an order permitting them to submit authorities in support of their objection to such an order.

In the final judgment, from which this appeal is taken, besides the judgment against defendants, there is the following order:

"And it further appearing to the court from the files of the within entitled action, that pursuant to writ of attachment issued out of the within entitled court and cause, there was attached in the possession of the United States National Bank of Portland (Oregon) the sum of $283.33, belonging to the defendant, Frederick P. Rawson, and that said amount remains in its possession and custody, either in its capacity as such, or in its capacity as executor de son tort of the will and estate of said Edward Holloway Smyth, deceased, all as ap-

pears from the answer to garnishment hereto made and entered in the within entitled cause, under date of June 14, 1933.

"It is therefore ordered that judgment enter in favor of the plaintiff, The United States National Bank of Portland (Oregon) trustee, against the National Bank of Portland (Oregon) as such garnishee, for said sum and amount of $283.33."

■ On this appeal, plaintiff contends that inasmuch as defendants did not move to discharge the attachment under section 4-418, Oregon Code 1930, defendants can not now be heard to urge that error was committed by rendering such judgment.

We think, however, that the question of the propriety of entering judgment in favor of plaintiff as trustee against itself as executor de son tort upon its return to the notice of garnishment herein, and of the validity of such garnishment, was brought to the attention of the trial court by seasonable objection and, hence, is before us upon this appeal.

■ If it should develop that this case must be deemed to be a suit in equity, then no effect could be given to the garnishment proceeding; but, if a showing can be made upon which plaintiff can maintain and prevail in an action at law upon the note in suit, this question will again confront the trial court.

Due to plaintiff's contention that the question is not properly before us, we are not favored by a citation of any authorities thereon in plaintiff's brief.

From a more or less cursory or casual inspection of defendants' brief, and the cases and annotations in Vol. 61 A. L. R. 1454, 57 A. L. R. 838, 31 A. L. R. 711; Ann. Cas. 1914A, 718, and the A. L. R. Blue Book, we find that the courts are in conflict upon the question.

The following cases deal with the question. Those denying the right are: *Morrison v. Morrison,* 220 Mo. App. 590 (287 S. W. 792) ; *First International Bank v. Brehmer,* 56 N. D. 81 (215 N. W. 918, 61 A. L. R. 1454) ; *Gerber v. Ogle Coal Co.,* 195 Wis. 578 (218 N. W. 361, 57 A. L. R. 838). See annotations in 31 A. L. R. 711. *Wright v. Wright,* 93 Conn. 296 (105 Atl. 684). The point was raised, but not decided, in *Beach v. Fairbanks,* 52 Conn. 167, 172. *Courtney v. Carr,* 6 Iowa 244; *Shepherd v. Bridenstine,* 80 Iowa 225 (45 N. W. 746) ; *Blaisdell v. Ladd,* 14 N. H. 129; *Hoag v. Hoag,* 55 N. H. 172; *Cleveland Sierra Min. Co. v. Sears Union Water Co.,* 4 Ohio Dec. Reprint 208, 1 Cleveland Law Rep. 117 ; *Rice v. Sharpleigh Hdw. Co.,* 85 Fed. 559 (construing Tennessee statute) ; *First Nat. Bank v. Elliott,* 62 Kan. 764 (64 P. 623, 55 L. R. A. 353) ; *Belknap v. Gibbens,* 13 Met. 471, 484; *McCormick v. Park,* 9 U. C. C. P. 330; *Knight v. Clyde,* 12 R. I. 119 ; *Valley Butter Co. v. Minn. Co-op. Creameries Assoc.,* 300 Pa. 102 (150 Atl. 157) ; *Wooldridge v. Holmes,* 78 Ala. 568; *Joseph Joseph & Bros. Co. v. Hoffman,* 173 Ala. 568 (56 So. 216, Ann. Cas. 1914A, 718, 38 L. R. A. (N. S.) 924). (Although in Alabama a plaintiff has no right to make himself garnishee by comity, the Alabama court recognizes judgment from Ohio where such a right is given.) *Nonell v. Hullett,* 4 Barn. & Ald. 646 (6 E. C. L. 634), note to *Harwood v. Lee,* 2 Dyer 196b.

Those sustaining the right are: *Hodges v. Cox,* Cro. Eliz. pt. 2, p. 843 ; *Paramore v. Paine,* Cro. Eliz. pt. 2, p. 598; *Coke v. Brainforth,* Cro. Eliz. pt. 2, p. 830; *Morris v. Ludlam,* 2 H. Bl. 362, 1 Rolle Abr. 554; *Graighle v. Notnagle,* Pet. C. C. 245, Fed. Cas. No. 5,679 (Pennsylvania Statute) ; *Moyer v. Lobengeir,* 4 Watts (Pa.) 390 (28 Am. Dec. 723) ; *Coble v. Nonemaker,* 78 Pa. 501; *G. B. Hurt v. Fuller Canneries Co.,* 263 Pa. 238

(106 Atl. 248); *Pasquinelli v. Southern Macaroni Mfg. Co.*, 272 Pa. 468 (116 Atl. 372); *Hanscom v. Chapin*, 27 Pa. Super. Ct. 546; *Egolf Bldg. & Loan Assn. v. Cleaver*, 228 Pa. St. 60 (77 Atl. 245); *Donohoe-Kelly Banking Co. v. Southern Pac. Co.*, 138 Cal. 183 (71 P. 93, 94 Am. St. Rep. 28); *Sandusky Cement Co. v. A. R. Hamilton & Co.*, 273 Fed. 596; (following Ohio rule). See also *Harriman v. Richardson*, 51 App. D. C. 24, 273 Fed. 752; *Dudley v. Falkner*, 49 Ala. 148, (recognizing rule); *Grayson v. Veeche* (La.), 12 Mart. 688 (13 Am. Dec. 384); *Richardson v. Gurney*, 9 La. 285; *Citizens Bank v. Hancock*, 35 La. Ann. 41; *Hardesty v. Campbell*, 29 Md. 533 (expressly permitted by statute); *Baltimore v. Root*, 8 Md. 95 (63 Am. Dec. 692); *Morton v. Grafflin*, 68 Md. 545, 557 (13 Atl. 341, 15 Atl. 298); *Deibert v. State*, 150 Md. 687 (133 Atl. 847); *Wehle v. Conner*, 83 N. Y. 231; *Norton v. Norton*, 43 Ohio St. 509 (3 N. E. 348); *Boyd v. Bayless*, 4 Hump. (Tenn.) 386; see also *Arledge v. White*, 1 Head. (Tenn.) 241 (rule implied); *Chicago Sug. Refin. Co. v. Jackson Brewing Co.*, (Chancery) 48 S. W. 275; *Lyman v. Wood*, 42 Vt. 113; *Gallum v. Weil*, 116 Wis. 236 (92 N. W. 1091); *Davidson v. Beatty*, 3 Harr. & M. H. (Md.) 594.

The return upon said notice of garnishment in the case at bar, omitting the title, is as follows:

"State of Oregon, } ss.
County of Multnomah. }

"To Martin T. Pratt, Sheriff of Multnomah County, Oregon:

"Comes now the Garnishee to whom the Notice of Garnishment on the reverse side hereof is directed, and for answer to said Notice of Garnishment, states and alleges as follows, to-wit:

"That at the time of service of said Notice of Garnishment upon it there was in its hands, or control,

no property, money, dents, rights, dues and/or credits, due or to become due, belonging or owing to the defendants Frederick P. Rawson and Grace F. Rawson, or either of them, named in said Notice of Garnishment, except the following:

"By order of the Judge of the Department of Probate of the Circuit Court of the State of Oregon for Multnomah County, made and entered October 7, 1931, in cause No. 33125 of said Court, entitled 'In the Matter of the Estate of Edward Holloway Smyth, Deceased,' the undersigned Bank was discharged as Executor of the will and estate of said decedent Smyth, and was directed to apply the distributive share of Frederick Rawson in said estate, such distributive share being the cash sum of but $283.33, toward payment of a note of said Frederick Rawson (he being the defendant named in this proceeding as Frederick P. Rawson) in the unpaid principal amount of $1800.00, then held by the undersigned Bank as Trustee under and as an asset and property of a trust theretofore and in his lifetime set up by said Smyth, which note, with some years of accumulated interest thereon was then long past due and wholly unpaid. It is now claimed by said Rawson that the said order of October 7, 1931 is void as to the direction therein contained for disposition of said sum of $283.33, in that the Judge by which the same was made was without jurisdiction in the proceeding to so dispose or so direct the disposal of the fund. This claim of said Rawson the undersigned Bank is now by its counsel in this action advised and therefore believes to be well founded. In these circumstances, there remains in the hands and custody of the undersigned Bank, either in its capacity as such or in its capacity as Executor de son tort of the will and estate of said Edward Holloway Smyth, deceased, the said sum and amount of $283.33.

"The United States National Bank of Portland (Oregon).

By D. W. MacKay,
Assistant Trust Officer."

██ From this return, it appears that the amount of the distributive share of defendant Rawson was determined by the probate court, but no order was made directing that it be paid to him. Concededly, the provision in the order of the probate court is void, which directed that said defendant's distributive share be applied as payment upon a certain note. Until an order is made directing the payment of such distributive shares to the respective distributees entitled thereto, the probate court retains jurisdiction for that purpose and the fund remains in the custody of the court. In 1886, this question was considered and it was then held that, until the distributive share of a creditor, heir or legatee entitled to moneys in the hands of an administrator has been settled by the court and ordered to be paid, it was not subject to garnishment: *Harrington v. LaRocque,* 13 Or. 344 (10 P. 498).

10. In 1931, however, the legislature enacted a law providing for levy of attachment or execution on interests in estates of decedents: Chapter 95, Oregon Laws, 1931, p. 131. We think that the cases above cited, which deny the right of a plaintiff to garnishee himself, are not controlling where the statute, last above cited, would otherwise be applicable; but the procedure there prescribed does not appear to have been followed in this case.

It has been held by this court that,—

"The statute does not permit a plaintiff in an attachment suit to take judgment against a garnishee on account of a debt owing by the garnishee to the defendant in the suit, except where the latter refuses to furnish to the sheriff a certificate of the indebtedness, or when the certificate given is unsatisfactory." *De-Witt v. Kelly,* 18 Or. 557, 559 (23 P. 666). *Adamson v. Frazier,* 40 Or. 273, 277, 278 (66 P. 810, 67 P. 300);

*Murphy v. Bjelik,* 87 Or. 329, 350 (169 P. 520, 170 P. 723).

11. For these reasons, we hold that no judgment should have been rendered against the garnishee herein upon its return as hereinabove set out.

The judgment of the circuit court is reversed and the cause remanded for such further proceedings as may be proper not inconsistent herewith.

CAMPBELL, C. J., and BELT and ROSSMAN, JJ., concur.