MICHAEL SHEEHAN v. ALICK NEWPICK.

October 19, 1899.

Nos. 11,870—(181).

**Judgment against Garnishee for Less than Ten Dollars.**

In an action in justice's court, the garnishee disclosed that he was indebted to the defendant in $34.87 for labor performed within 30 days of the commencement of the action. The defendant appeared, and claimed his statutory exemption of $25. The justice allowed the exemption, and rendered judgment against the garnishee for the balance of $9.87. *Held* error; that, under the provisions of G. S. 1894, § 5338, judgment cannot be rendered against a garnishee for less than $10. The object of the statute being to prevent the debtor's money or property from being used up in costs, to his detriment and without benefit to his creditor, the sums therein named must be construed as referring to the amount subject to garnishment, for which judgment may be rendered against the garnishee.

Action in justice court against Alick Newpick, as defendant, and H. H. Smith, as garnishee. From a judgment against the gar-

nishee for $9.87, he appealed to the district court for Hennepin county. In the district court the appeal was heard before Harrison, J., who made an order reversing the judgment; and from a judgment entered pursuant to the order, plaintiff appealed. Affirmed.

*Frank H. Castner*, for appellant.

*Bond & Sardeson*, for respondent.

MITCHELL, J.

This is an appeal by the garnishee, Smith, from a judgment rendered against him in justice's court for $9.87. Upon his examination he disclosed that he was indebted to the defendant in the sum of $34.87 for labor and services performed by him within 30 days of the commencement of the action. The defendant appeared, and claimed an exemption of $25, under the provisions of G. S. 1894, § 5314. The justice allowed the exemption, and rendered judgment against the garnishee for the balance of $9.87. The only question is whether, upon these facts, the justice could render judgment against the garnishee for a sum less than $10.

Section 5306 requires the plaintiff to file an affidavit in garnishment stating that he believes that the value of the property, money, or effects belonging to the defendant in the hands or under the control of the proposed garnishee, or the amount of his indebtedness to the defendant, if the action is in the district court, exceeds the sum of $25, or, if the action is in justice's court, $10. Section 5338 provides that no judgment shall be rendered against a garnishee in justice's court where the judgment against the defendant is less than $10, exclusive of costs, nor where the indebtedness of the garnishee, or the value of the property, money, or effects of the defendant in the hands or under the control of the garnishee, as proved, is less than $10, the corresponding limit in an action in the district court being $25. Doubtless the reason for these provisions is that ordinarily, where the amount in the hands of the garnishee is less than the sums named, it would be all used up in costs, to the prejudice of the debtor, and without benefit to the creditor, and the object of the statute is to prevent this useless sacrifice of the debtor's money or property.

The facts do not bring this case within the strict letter of the statute, because the total indebtedness of the garnishee to the defendant as proved was more than $10. But the facts are fully within its spirit and reason. To hold otherwise would permit the very evils and abuses which the statute was designed to prevent. Take, for example, the case of a laborer employed at monthly wages slightly in excess of $25; a persistent creditor might follow him up with monthly garnishee proceedings against his employer, and each month obtain a judgment for the small excess, which would be all eaten up in costs. This process might go on indefinitely, to the impoverishment of the debtor and without reducing his debt one cent. We are of opinion that the statute should be construed as meaning that, to entitle the plaintiff to judgment against the garnishee, the amount subject to garnishment, for which judgment may be rendered, must exceed $10 or $25, as the case may be.

The judgment of the district court reversing the judgment of the justice is therefore affirmed.