MARTIN RUSTAD and Another v. JAMES BISHOP.[1]

July 19, 1900.

Nos. 12,164—(208).

**Garnishment—Abuse of Process.**

A creditor will not be permitted to initiate a series of garnishments, and thus tie up in the hands of an employer separate amounts of money, which have been earned as wages by a laboring man until the thirty days prescribed in G. S. 1894, § 5314, have expired, and then, by another

[1] Reported in 83 N. W. 449.

80 M.—32

proceeding in garnishment, appropriate these amounts to the payment of his debt. Such proceedings are a perversion of civil process, and cannot be sanctioned.

### G. S. 1894, § 5314—Exemption of Wages.

The exemption statute was designed to secure to laborers and their families the small fruits of their toil, and the statute must be given such proper and liberal interpretation as will give full force and effect to that wise and humane design.

### Vacating Judgment in Municipal Court.

*Held*, that a judgment which had been entered in such a case against the garnishee in the municipal court of the city of Duluth was properly set aside and vacated under the provisions of Sp. Laws 1891, c. 53, § 19, subd. 5.

Action in the municipal court of Duluth against James Bishop, defendant, and Scott & Holston Lumber Company, garnishee. From an order, Gearhart, special judge, setting aside a judgment in favor of plaintiffs and against the garnishee and releasing it from liability to plaintiffs on account of certain processes of garnishment theretofore issued, plaintiffs appealed. Affirmed.

*Eckman & Stevenson*, for appellants.

*John Jenswold, Jr.*, for respondent garnishee.

COLLINS, J.

That this is a case in which plaintiffs' attorneys have attempted to oppress the defendant by means of legal process is very evident, when we state the facts.

The defendant, a laboring man with a family, a resident of the city of Duluth, became indebted to the plaintiffs in a sum exceeding $50. Suit was brought against him September 8, 1899, and at the same time the garnishee company, for whom defendant worked as a teamster, was served with a summons in the garnishment proceedings, returnable September 18. At the hearing the garnishee disclosed an indebtedness of $31.50, and defendant claimed an exemption, under G. S. 1894, § 5314, of $25. This claim was allowed, but the balance, $6.50, was improperly paid upon the judgment which had been entered against the defendant in the original action. See Sheehan v. Newpick, 77 Minn. 426, 80 N. W. 356.

October 9 a second affidavit in garnishment was filed, and a garnishee summons issued and served upon the same company. This was made returnable October 23. The plaintiffs made no effort to serve notice upon the defendant, and for that reason no disclosure was made; but at this time the garnishee was owing the defendant, as wages, $12.25, all of which was exempt under the statute. No further proceedings were had in this garnishment. On October 24 the plaintiffs filed a third affidavit in garnishment, and caused another summons to be served upon the same company, returnable December 4. Notice was served upon the defendant, and it appeared from the disclosure that the indebtedness to him on account of wages had increased $6.27; the total indebtedness then being $18.52. No further steps were taken, according to the record. November 3 the plaintiffs filed a fourth affidavit in garnishment; the summons being returnable December 4, 1899. No notice of this proceeding was given to the defendant, and, at plaintiffs' request, no disclosure was made. At this time the defendant had earned $8.07 in addition to the amount before stated, making the total indebtedness $26.59, all of which the company had retained because of these various garnishments. December 4 plaintiffs filed another affidavit, and caused another garnishee summons to be served on the company. On December 13 notice was given to defendant of this proceeding, and on the return day the garnishee made its disclosure, stating that the indebtedness to the defendant was $26.59, for personal services rendered by him between October 1 and November 3, 1899. It appears that the garnishee made its disclosure in this form at the suggestion of the plaintiffs' attorneys, having no counsel of its own. December 19 the plaintiffs procured judgment to be entered in the court below against the garnishee and in favor of the plaintiffs for the amount stated.

January 6, 1900, an order was issued requiring the plaintiffs to appear and show cause why an order should not be made declaring the amount found to be due by the judgment exempt under the statute; that the plaintiffs had no right, title, or claim thereto, or any part of it; and that it should be paid to defendant. The court, after the hearing, made the order to show cause absolute, but not-

withstanding this the plaintiffs sought to enforce the judgment against the garnishee company. Thereupon a motion was made, upon all of the records and files in the case, together with an affidavit made by an officer of the garnishee company, in which the facts in the case as above stated were fully set forth, to set aside and vacate the judgment before mentioned. At both hearings the plaintiffs appeared by counsel, and, without objection to the method of procedure, took part in the same. An order vacating the judgment was made, and the appeal is from such order.

The obvious purpose of the proceedings we have mentioned was to annoy and harass the defendant, and by these successive garnishments to accumulate in the hands of the garnishee company a sum of money to which claim might be made on the ground that more than thirty days had expired, and therefore defendant's wages were not exempt under the statute. There was outrageous abuse of legal process in every one of these garnishments after the first one, and by means of that one plaintiffs unlawfully appropriated $6.50. If they could proceed in this manner in five separate instances, as they did, they could continue indefinitely, to the great expense, annoyance, and vexation of the defendant and also of the garnishee. A statement of the law made in McNally v. Wilkinson, 20 R. I. 315, 38 Atl. 1053, in a case of like oppression and wrong, is peculiarly applicable here:

"To use the process of the court to thus tie up money in the hands of a garnishee until the amount shall become large enough to satisfy the plaintiff's claim, and then, without entering the writ or writs employed for this purpose, to commence a fresh suit by attaching the fund thus accumulated, not only works a wrong upon the defendant, but it is a perversion of civil process, and cannot therefore be sanctioned. The principle that even a valid and lawful act cannot be accomplished by unlawful means, and that wherever such means are resorted to the law will interpose to restore the party injured thereby to his rights, is a salutary and well-established doctrine of the law."

A creditor cannot be allowed to avoid and evade a beneficent exemption statute by means of repeated and successive manipulations of legal process. Moneys due for wages, and exempt under the statute, cannot be tied up in this way until the statutory period of

thirty days has expired, and then applied or appropriated to the payment of a debt. Collins v. Chase, 71 Me. 434. The exemption statute was designed to secure to laborers and their families their small earnings, and it must be given such proper and liberal interpretation as will give it full force and effect. It should not be construed so as to permit the very evils and abuses which it was designed to prevent. Sheehan v. Newpick, supra.

A point is made that the court was without authority to proceed in the manner adopted by the defendant's counsel to set aside the judgment. Prior to this the defendant had obtained an order of the court declaring the money to be exempt. In that proceeding counsel for the plaintiffs appeared, did not oppose on the ground of irregularity, and submitted the matter to the court upon its merits. Whether the procedure was irregular is now wholly immaterial, for the parties submitted to it,—made no complaint upon the ground now urged. They must abide by the action of the court. See Twaddle v. Mendenhall, supra, page 177. But, if this were not true, the court in question is fully authorized to set aside its judgments and orders, for good cause shown, within thirty days after the party affected thereby shall have notice or knowledge of the same. Sp. Laws 1891, c. 53, § 19, subd. 5. The court was clearly acting within the statute when it set aside the judgment herein.

Order affirmed.