THE FIRST NATIONAL BANK OF FORT SCOTT, KANSAS, v. CHARLES H. ELLIOTT.

(**No. 11,894.**   64 Pac. 623.)

GARNISHMENT—*Plaintiff as Garnishee.*   The plaintiff in an action can neither summon nor charge himself as garnishee therein.

Error from Cowley district court; W. T. McBRIDE, judge.   Opinion filed April 6, 1901.   *In banc.*   Affirmed.

*G. H. Buckman,* and *Keene & Gates,* for plaintiff in error.

*Hackney & Lafferty,* for defendant in error.

The opinion of the court was delivered by

SMITH, J.: In an action brought by the First National Bank of Fort Scott against Charles H. Elliott, to recover on certain promissory notes, the plaintiff bank filed an affidavit in garnishment, stating that it was indebted to Elliott. A summons in garnishment was thereupon issued requiring the bank to answer as garnishee, which it did, stating that it was indebted to Elliott in an amount exceeding $2500. A motion filed by Elliott to set aside and quash the garnishment proceedings was sustained by the district court.

The question before us is whether a plaintiff in an action upon contract for the recovery of money can make himself a garnishee, and by garnishment proceedings thus appropriate money due and owing by him to the defendant. Many cases have been cited by counsel on both sides of the question. We think, however, that the matter is one of statutory interpretation. The nature of such proceedings under our code is thus stated:

"The proceedings against a garnishee shall be deemed an action by the plaintiff against the garnishee and defendant, as parties defendant, and all the provisions for enforcing judgments shall be applicable thereto; but when the garnishment is not in aid of an execution, no trial shall be had of the garnishee action until the plaintiff shall have judgment in the principal action, and if the defendant have judgment, the garnishee action shall be dismissed with costs," etc. (Gen. Stat. 1897, ch. 95, § 238; Gen. Stat. 1899, § 4460.)

And further, by section 234 of chapter 95, General Statutes of 1897 (Gen. Stat. 1899, § 4456), if any garnishee, duly summoned, fail to file his affidavit by way of answer, the court may render judgment against him for the amount of the judgment which the plaintiff shall recover against the defendant.

It is a general rule that the same person cannot be both a plaintiff and a defendant at the same time, in the same suit, either solely or with others. (15 Encyc. Pl. & Pr. 481.) Under our statute, the plaintiff would be entitled to execution if he failed to pay, after judgment rendered against him, thus giving rise to the anomalous proceeding of a party issuing an execution against himself. In 14 American and English Encyclopedia of Law (2d ed.), at page 809, under the title "Plaintiff as garnishee," the authorities on the question under consideration are collected, and it is said in the text that the best-considered cases hold that the plaintiff cannot summon himself as garnishee. We cannot take time to review, or even cite, the numerous decisions in which this question has been discussed, but will refer to the encyclopedias as sources of information on the subject. We find no valid objection to the method adopted by the defendant in error in moving to quash the garnishment proceedings. He was entitled to the order which he obtained under some sort of a demand therefor, and we think that the form of his application was appropriate to the relief sought. (*Manufacturing Co. v. August*, 51 Kan. 59, 32 Pac. 636.)

The judgment of the court below will be affirmed.

POLLOCK, J., not sitting, having been of counsel.