FIRST INTERNATIONAL BANK OF MINOT, NORTH DAKOTA, a Corporation, Appellant, v. AMOS BREHMER, Respondent.

and

FIRST INTERNATIONAL BANK OF MINOT, NORTH DAKOTA, a Corporation, Appellant, v. AMOS BREHMER, Respondent, and FIRST INTERNATIONAL BANK OF MINOT, NORTH DAKOTA, a Corporation, Garnishee and Appellant.

(— A.L.R. —, 215 N. W. 918.)

**Banks and banking — charging or appropriating deposit against depositor's debt requires legal process or depositor's consent.**

1. A bank cannot, under chapter 139 of the 1923 Session Laws, charge against a deposit a debt due it from the depositor, or appropriate the deposit for the purpose of paying the debt without "legal process" or "the consent of the depositor."

**Garnishment — bank cannot garnishee itself.**

2. The plaintiff in an action cannot, under the garnishment statutes of this state, summon or charge himself as a garnishee therein.

---

Annotation.— (2) On right of one to summon or charge himself as garnishee, see annotation in 31 A.L.R. 712; 12 R. C. L. 841; 5 R. C. L. Supp. 655.

56 N. Dak.—6.

Opinion filed October 14, 1927.  Rehearing denied November 26, 1927.

Banks and Banking, 7 C. J. § 351 p. 653 n. 84.  Garnishment, 28 C. J. § 53 p. 56 n. 82.

Appeal from District Court of Ward County, *Moellring,* J.

Action on promissory note.  Plaintiff garnisheed itself.  Defense discharge in bankruptcy and that plaintiff cannot garnishee itself.  Plaintiff appeals from judgments dismissing actions.  Affirmed.

*Paul Campbell,* for appellant and garnishee appellant.

*Halvor L. Halverson,* for respondent.

ENGLERT, Dist. J.  On the fourth day of February, 1920, the defendant, Amos Brehmer, executed and delivered his promissory note, in the sum of five hundred dollars, bearing ten per cent interest, due October first, 1920, to the plaintiff, a banking institution.  This note remained unpaid.  The defendant, on the 31st day of October, 1924, deposited in the plaintiff bank, on general deposit, the sum of five hundred thirteen dollars and eighty-five cents.  On that day, the plaintiff commenced an action against the defendant on the note, and commenced garnishment proceedings, naming itself as garnishee defendant.  The plaintiff, as garnishee defendant, through its cashier, admitted liability in the sum of $513.65, twenty cents having been paid out for exchange.

On November 20, 1924, the defendant filed his petition in bankruptcy, and was thereon adjudicated a bankrupt on November 21, 1924.  The said note was listed in the bankruptcy schedules, and the bank was notified thereof, and of the bankruptcy hearing.  On March 4, 1925, the defendant was discharged of all provable debts in said bankruptcy proceedings, including the note in question.

The defendant answered, setting forth, among other defenses, that the action was begun within the four months period prior to the filing of the bankruptcy proceedings, and that the debt sued on was discharged thereby.  He also alleged that the plaintiff cannot lawfully be both plaintiff and garnishee defendant, in the same action.

A trial was had before court and jury.  A special verdict was returned.  It is not necessary to set forth the various answers made to the questions submitted, since the court, on the undisputed facts, found

that the note was duly listed in the bankruptcy schedules; that plaintiff had due notice thereof, and that the debt was adjudicated in the bankruptcy proceedings, and discharged.

The court, then, found that no personal judgment could be entered against the defendant, but that the question of lien on the money garnisheed would be determined on the garnishment hearing. After a hearing on the garnishment proceedings, the court ordered them dismissed and entered judgment accordingly.

From these proceedings, the plaintiff perfected two appeals—one from the judgment in the main action, the other from the judgment dismissing the garnishment proceedings. The two appeals are argued in the briefs and submitted together. We will so consider and dispose of them.

On the main action, it is the claim of the plaintiff that the trial court should have applied the money on general deposit in the plaintiff bank, on the note. Having refused to so order, the judgment of the trial court is assigned as error.

The action of the plaintiff is the ordinary one on a promissory note. No claim to the right of set-off or application of payment is alleged. There is no evidence that the plaintiff bank attempted to apply the money on deposit to the payment of the note.

But there is no warrant for it in the law. The Bankers lien law, § 6868, Comp. Laws 1913, was repealed by chapter 176 of the 1919 Session Laws.

Chapter 159 of the 1923 Session Laws, changed the rule announced in Shuman v. Citizens State Bank, 27 N. D. 599, L.R.A.1915A, 728, 147 N. W. 388, unless the deposit is applied in payment of the debt through "legal process," or with "the consent of the depositor." The first section of that chapter provides:

"It shall be unlawful for any bank, or trust company, with which money has been deposited, to charge against the deposit any claim of such bank or trust company, or any other person, or to appropriate the same to the payment of any debt to such bank or trust company or any other person, without legal process or without the consent of the depositor."

Recognizing, since the enactment of chapter 139, supra, that a bank cannot charge against the deposit, a debt due it from the depositor, or

appropriate the deposit for the purpose of paying a debt without "legal process," the plaintiff caused garnishment proceedings to issue, and garnisheed itself.

This, then, brings us to the second point. Can the plaintiff garnishee itself?

There is considerable conflict among the authorities on this subject. Rood, in his work on Garnishment, § 39, is of the opinion that a plaintiff may summon himself as garnishee. He cites and relies upon several English cases, and cases from some of the states, following the English rule.

The English cases grew out of a custom prevailing in London, whereby a plaintiff could issue a foreign attachment, and levy upon a debt due by him to the defendant. In those cases, the attachment was allowed in cases of nonresidence.

One of the earliest cases, and probably the leading case on the subject, is Graighle v. Notnagle, Pet. C. C. 245, Fed. Cas. No. 5,679. That court followed the practice recognized by the English decisions, and while Justice Washington was of the opinion that a plaintiff may attach the money in his hands due by him to the defendant, he mentioned that the statute of Pennsylvania recognized that practice. The decisions, with very few exceptions, that permit a plaintiff to garnishee himself, find recognition and support thereof in their respective statutes.

Drake, on Attachment, § 543, admits that "by the custom of London, a plaintiff may by garnishment attach, in his own hands, money or goods of the defendant; but (he continues) can a plaintiff charge himself as garnishee in respect of a debt from him to the defendant?" The author answers the question by asking it. He then proceeds with a discussion of the division of authority in this country.

14 Am. & Eng. Ency. Law, 2d ed. 809, speaking on this subject, says:

"The question has arisen whether the plaintiff may summon himself as garnishee, and thereby reach a debt owing from him to the defendant, and though the decisions in regard to this point are in conflict, it is held by the best considered cases, under statutes providing for summoning as garnishees persons indebted, etc., to the defendant, or providing for the attachment of indebtedness, that the plaintiff cannot summon himself as garnishee. In a great many jurisdictions, however, the courts, following the principle of the decisions under the custom of London, which

permit a creditor to attach an indebtedness owing from him, or property in his hands, have held that the plaintiff may summon himself as garnishee in regard to an indebtedness owing from him."

20 Cyc. 986, states:

"The rule is well settled that the plaintiff in an action can neither summon nor charge himself as garnishee or trustee, in garnishment proceedings." The cases holding to the contrary are not there spoken of or cited.

12 R. C. L. 841, § 79, recognizes the division of the authorities on the subject.

In 28 C. J. 50, § 53, the author lists the cases holding that a plaintiff may summon himself as garnishee, and then says:

"But the better considered cases, and, seemingly the weight of authority, is to the contrary."

The very purpose of a garnishment proceeding is to reach money, goods, chattels and choses in action in the hands of a third person. The Supreme Court of Iowa, in Shepherd v. Bridenstine, 80 Iowa, 225, 45 N. W. 746, said that the garnishment statutes, and all the law upon the subject, contemplate that there are three persons to every garnishment proceeding.

As said in Rice v. Sharpleigh Hardware Co. (C. C.) 85 Fed. 559:

"On principle, it will readily occur to almost any one that to allow the plaintiff in attachment to garnishee himself as a debtor to his creditor, whom he made a defendant for that purpose, is a distortion of the process of garnishment from its ordinary uses, and in itself suggests that some ulterior or sinister purpose is to be accomplished."

We do not wish to be understood as even indicating that there was any thought of wrong in this case. We are discussing the principle involved. Wherever the rule permitting a plaintiff to garnishee himself is sanctioned, there would be nothing to prevent an executor or administrator from garnisheeing himself. Such practice would be doubly objectionable, as it would involve not only adverse interests as between plaintiff and garnishee generally, but between personal and fiduciary relations and interests. So that, unless the statute authorizes such proceeding, the court, on principles of sound reason, should not adopt it.

Our statute, § 7581, Comp. Laws 1913, declares:

"The proceedings against a garnishee shall be deemed an action by

the plaintiff against the garnishee and defendant as parties defendant, and all provisions of law relating to proceedings in civil actions at an issue, including examination of the parties, amendments and relief from default or proceedings taken and appeals and all provisions for enforcing judgment, shall be applicable thereto. . . ."

This statute, in clear terms, provides that a garnishment proceeding is an action by the plaintiff against the garnishee. It provides that the procedure relative to securing judgments, enforcing them and the taking of appeals thereon, is the same as in the case of the plaintiff against the defendant. This being so, Dicey on Parties, § 220, asks:

"How can a man sue himself in a court of law? It is impossible to say a man can sue himself."

On garnishment statutes like ours, the Kansas Supreme Court, in First Nat. Bank v. Elliott, 62 Kan. 674, 55 L.R.A. 553, 64 Pac. 623, in a suit by the bank against Elliott on his note, in which the bank garnisheed itself to hold money due Elliott, said:

"It is a general rule that the same person cannot be both a plaintiff and a defendant at the same time, in the same suit, either solely or with others."

In that case, the court recognized the division of authority on the subject, and said: "We think, however, that the matter is one of statutory interpretation." The Kansas statute, like ours, provides that a proceeding against a garnishee shall be deemed an action by the plaintiff against the garnishee. On such statute, the court, in that case, said "that the best considered cases hold that the plaintiff cannot summon himself as garnishee."

Without further review of the authorities, we are satisfied that, on statutes like ours, the plaintiff cannot summon itself as garnishee defendant, and call it "legal process," within the meaning of chapter 139, supra.

For the reasons mentioned, it follows that the judgment of the trial court on both appeals should be affirmed, with costs to the respondent. It will be so ordered.

BIRDZELL, Ch. J., and CHRISTIANSON, BURKE, and NUESSLE, JJ., concur.

BURR, J., did not participate.