## R. V. WOOD v. E. M. BANGS.
## SUTORIUS COMPANY, GARNISHEE.[1]

February 13, 1937.

No. 31,114.

*G. Halvorson,* for appellant.
*Thomson & Williams,* for respondent.

DEVANEY, CHIEF JUSTICE.

Action on a debt brought by R. V. Wood against E. M. Bangs, doing business as Security Service Company, and the Sutorius Company as garnishee.

On January 29, 1936, without the knowledge or consent of plaintiff, the Midland Loan Finance Company of Minneapolis seized defendant's automobile while it was parked on a public street in Minneapolis and moved it to a garage operated by the Sutorius Company, the garnishee herein. At the time the automobile was brought in the Sutorius Company had an unpaid account against the defendant, which on the same day it assigned to the plaintiff, who was the president of the Sutorius Company. Plaintiff immediately commenced action on the claim. Thereafter plaintiff began garnishment proceedings, summoning the Sutorius Company

[1]Reported in 271 N. W. 447.

as garnishee. Disclosure by the garnishee was made through another of its officers, who revealed merely that at the time of the service of the garnishment summons the garnishee had in its possession an automobile belonging to defendant. Sometime later, before the main action could be heard, defendant moved the court for an order dismissing the garnishment proceedings. The court ordered the garnishment action dismissed. Plaintiff appeals from that order.

But one question is presented: Was the trial court justified in dismissing these garnishment proceedings?

It is well settled in the law that a plaintiff may not garnishee property in his hands belonging to the defendant. First Nat. Bank v. Elliott, 62 Kan. 764, 64 P. 623, 55 L. R. A. 353; First International Bank v. Brehmer, 56 N. D. 81, 215 N. W. 918, 61 A. L. R. 1454; Barnes v. Verry, 154 Minn. 252, 191 N. W. 589, 31 A. L. R. 707. A garnishee should be an innocent person owing money to or having in his possession property of the defendant, and is supposed to be indifferent as to who should have the money or property. 5 Am. Jur. Attachment and Garnishment, § 659.

In this case, at the time the automobile was brought into the garage of the garnishee, the Sutorius Company, defendant had no cause of action for money or property against the Sutorius Company. Prior to the time the automobile was placed in the garage of the garnishee there was no right of the defendant against the garnishee that could possibly be the subject of garnishment. In fact the only claim as between the defendant and the garnishee was on the account that the garnishee held against the defendant.

After the automobile was placed in the hands of the Sutorius Company, obviously the company then held both a claim against the defendant and an article of property belonging to him. Under the well established rule of law stated above, the Sutorius Company could not well garnish the property of the defendant which it then held. The claim against the defendant, therefore, on the same day that the automobile was placed in the garage, was assigned to the president of the company, who commenced action and garnisheed the Sutorius Company.

In our opinion, this was an obvious attempt to circumvent the rule preventing a creditor from garnishing property of the debtor which is in the creditor's own hands, and, as such, it amounted to an abuse of process.

Abuse of legal process is defined in 1 Am. Jur. Abuse of Process, § 2:

"Abuse of legal process consists in the malicious misuse or misapplication of that process to accomplish some purpose not warranted or commanded by the writ. In brief, it is the malicious perversion of a regularly issued process whereby a result not lawfully or properly attainable under it is secured."

See also 5 Dunnell, Minn. Dig. (2 ed. & Supps. 1932, 1934) § 7837.

Garnishment is a summary and harsh proceeding. It is not subject to the restrictions that surround other types of process such as attachment, nor has it the same or similar safeguards. Those safeguards provided by law which it does have should be carefully preserved. We cannot permit the use of the instrument of garnishment by unscrupulous creditors in any manner but that provided by law, nor can we allow the use of legal methods to obtain an illegal result. That is exactly what has been attempted herein. The purpose the Sutorius Company and the plaintiff intended to accomplish was the garnishment of defendant's property, which the law did not permit them to garnish. They hit upon the legal device of assignment of claim in order to evade the direct prohibition of the law. We hold that this device, assigning a claim by a creditor for the deliberate purpose of allowing garnishment of property in the hands of such creditor, is a perverted use of legal means to obtain a result not properly and legally attainable under the rules governing the process of garnishment.

That a valid judgment cannot be obtained where garnishment proceedings have been employed in such a manner as to amount to abuse of process is so clear as to require no discussion. See Rustad v. Bishop, 80 Minn. 497, 83 N. W. 449, 50 L. R. A. 168, 81 A. S. R. 282. It follows that the trial court did not err in dismissing the proceedings herein.

The order must be and the same hereby is affirmed.