## POW-BEL CONSTRUCTION CORPORATION v. JOSEPH R. GONDEK.

192 N. W. (2d) 812.

November 5, 1971—No. 42715.

*William Merlin & Associates, LaMar T. Piper,* and *Daniel A. Utter,* for appellant.

*Robert C. Gove,* for respondent.

Heard before Knutson, C. J., and Murphy, Otis, Rogosheske, and Hachey, JJ.

RONALD E. HACHEY, JUSTICE.*

This is an appeal from an order of the trial court granting a motion for judgment notwithstanding the verdict.

On August 7, 1966, appellant, Joseph R. Gondek, and respondent, Pow-Bel Construction Corporation, signed a purchase agreement for certain real estate in St. Louis Park, Minnesota. As part of the agreement, respondent seller agreed to "pay all existing special assessments and all closing costs for this transaction." A mortgage commitment was obtained from Farmers and Mechanics Savings Bank. The purchase price of the home was $16,300. The bank agreed to a mortgage of $15,500 and appellant buyer was to provide $800 in cash. On the day of closing, September 19, 1966, the bank requested that $300 be withheld for the payment of certain assessments. Appellant did not have the requested additional $300 and indicated that he could not go through with the deal if he had to pay the additional amount. The deal was closed with the seller respondent allowing the bank to withhold the $300 from the amount of the loan that otherwise would have been paid to respondent.

Some time after the closing, respondent's attorney asked ap-

---

*Acting as Justice of the Supreme Court by appointment pursuant to Minn. Const. art. 6, § 2, and Minn. St. 2.724, subd. 2.

pellant to authorize the release of the $300 to respondent. Appellant refused to do so. Shortly thereafter, respondent commenced this action and served a garnishment upon appellant and his employer, Minneapolis Board of Education, which was made a part of appellant's permanent personnel record.

Shortly after the commencement of the action, attorneys for the parties had a telephone discussion relative to the possibility of naming the bank a party to the lawsuit, but respondent's attorney stated that he did not want to antagonize the bank. Appellant paid his attorney $35 to $40 to get the garnishment released. The garnishment disclosure indicated that $38 was held for the pay period ending October 21, 1966. Appellant then answered the complaint; counterclaimed against respondent for slander on credit and abuse of process, asking damages in the sum of $5,000 and exemplary damages; and brought a third-party action against the bank, alleging that if it was found that appellant was entitled to the return of the $300, then he was entitled to rescind the purchase and the mortgage. Subsequently, a stipulation was agreed to which provided that (1) the third-party defendant bank would pay $300 out of its funds to respondent seller and would pay the special assessments when due; (2) respondent would dismiss its complaint and garnishment claim; and (3) appellant would dismiss his third-party complaint against the bank. The stipulation did not affect appellant's counterclaim for abuse of process and slander on credit.

After trial of the counterclaim, the jury returned a special verdict finding that there had been a willful abuse of process by respondent and that respondent had acted with malice. The jury assessed total damages in the sum of $4,035. Upon motion, the trial court granted judgment for respondent notwithstanding the verdict. The court was of the opinion that the evidence was insufficient to sustain the verdict, both with respect to liability and to damages. An appeal was taken from the order of the trial court.

■ The first issue to determine is whether the evidence will sustain a judgment for abuse of process.

"\* \* \* The essential elements of an action for abuse of process are only two, namely, (a) the existence of an ulterior purpose, and (b) the act of using the process to accomplish a result not within the scope of the proceeding in which it was issued, whether such result might otherwise be lawfully obtained or not." Hoppe v. Klapperich, 224 Minn. 224, 231, 28 N. W. 2d 780, 786 (1947).

Those same elements are reiterated in Behrendt v. Rassmussen, 234 Minn. 97, 103, 47 N. W. 2d 779, 783 (1951); Rosvall v. Provost, 279 Minn. 119, 123, 155 N. W. 2d 900, 904 (1968); and Wood v. Bangs, 199 Minn. 208, 271 N. W. 447 (1937). The gist of the action, then, is the misuse or misapplication of legal process to accomplish an end other than that which the process was designed to accomplish.

Appellant contends that respondent used the garnishment to coerce appellant into releasing the funds held by the bank. Whether or not respondent would be entitled to those funds is not necessarily the test; rather, the issue to be determined is whether respondent used the garnishment as a vehicle to coerce a release. Upon a review of the record, we agree with the trial court's holding that appellant failed to produce evidence to support his claim. Moreover, the state of the garnishment law at the time this action was brought compels the conclusion that if a dispute arose between appellant and respondent as to who owned the funds, garnishment was not an improper ancillary proceeding to the main action. The sequence of events prior to and including the service of garnishment summons fails to support a finding that the process was used to coerce appellant to sign the release.

■ The only testimony besides that of appellant tending to show wrongful intent was that of appellant's attorney. He was permitted to testify about his conversations with the attorney

of respondent. Respondent's attorney was of the opinion that the bank held the funds as agent of the buyer appellant and to get those funds released would require authorization from appellant. Appellant's attorney related out-of-court admissions made by respondent's attorney and injected conclusions into the record as to the intent of respondent's attorney. That evidence should not have been admitted. Admissions of attorneys for their clients have been strictly limited by this court. In Carroll v. Pratt, 247 Minn. 198, 204, 76 N. W. 2d 693, 698 (1956), this court held:

"* * * The cases are almost unanimous that out-of-court admissions of fact by an attorney, whether written or oral, which have not been made for the specific judicial purpose of dispensing with proof or for influencing the procedure in the case, are inadmissible in evidence against his client unless it appears that (aside from his mere employment in connection with pending or prospective litigation) the attorney had some special authority to act for his client and that such admission properly related to such special authorization. The mere existence of the relationship of attorney and client does not of itself supply the attorney with authorization to make extrajudicial admissions in behalf of his client, and whether he has been vested with such power to act for his client is to be measured by the same tests of express or implied authority as would be applied to other agents."

The record fails to show that any such authority was given to respondent's attorney by his client. For that reason the out-of-court admissions should not have been admitted into evidence.

Appellant having failed to prove the necessary elements of abuse of process, the issue as to damages need not be discussed or ruled upon. The order of the trial court in granting judgment notwithstanding the verdict is affirmed.

Affirmed.