Warren V. BIGELOW et al.,
Respondents,

Brent Bigelow et al., Respondents,

v.

Dr. Charles GALWAY, Appellant.

No. 47522.

Supreme Court of Minnesota.

Dec. 15, 1978.

Order On Rehearing July 12, 1979.

David Nord, St. Paul, for appellant.

William E. Ahlberg, Apple Valley, Hoke, Roehrdanz, Bigelow & Chamberlain, Minneapolis, for respondents.

Heard before TODD, SCOTT, and WAHL, JJ., and considered and decided by the court en banc.

WAHL, Justice.

Defendant Charles Galway appeals from the judgment entered in the Hennepin County District Court vacating a levy of execution on real property situated in Minneapolis. We reverse and remand for a new trial consistent with the principles discussed here.

The present action is one of a series of protracted legal and personal disputes between the parties spanning several years. Although Warren Bigelow and defendant were originally business partners, the relationship was terminated in 1968 upon the former's purchase of defendant's interest, in exchange for promissory notes totalling $15,000. Ensuing legal proceedings in the Scott County District Court eventually resulted in the entry of judgment on May 6, 1975 in favor of defendant on the promissory notes. The judgment was docketed in Hennepin County on May 8, 1975.

Plaintiff Warren Bigelow commenced the instant action in Hennepin County District Court on October 20, 1975, simultaneously moving that court for an order to halt a sheriff's auction sale, held pursuant to the levy of execution to enforce the unsatisfied judgment, scheduled for November 20, 1975. In support of the motion, Bigelow contended that the property had passed by an unrecorded conveyance on January 15, 1975 to his son and daughter-in-law, plaintiffs Brent and Diane Bigelow. By order dated November 19, 1975, plaintiff's motion for a temporary restraining order was denied.[1]

On December 23, 1975, the district court ordered that Warren Bigelow's wife Muriel, Diane Bigelow, and Brent Bigelow be joined as involuntary plaintiffs. Additional claims for relief were added in the form of Brent and Diane Bigelow's complaint for wrongful levy of execution and defendant's counterclaim based upon allegations of abuse of process.

A jury trial was commenced in the district court in October, 1976. At the conclu-

sion of the presentation of defendant's evidence, the court directed verdicts against the separate claims of abuse of process and wrongful levy. Based upon the special verdict returned by the jury, the court entered its findings of fact and conclusions of law and directed the entry of judgment in favor of the plaintiffs, vacating the sheriff's levy and sale. A denial of defendant's post-trial motions ultimately resulted in the entry of judgment on June 9, 1977. This appeal followed.

A more detailed summary of the competing claims of the parties is necessary to a resolution of the focal issue raised. As stated above, defendant obtained a judgment against plaintiff Warren Bigelow in the amount of $17,634.22. The judgment was docketed in Hennepin County on May 8, 1975. On May 28, 1975, a conveyance of property located at 4920 Russell Avenue from Warren and Muriel Bigelow to their son and his wife, Brent and Diane Bigelow, was recorded. Defendant, in an attempt to satisfy the judgment he held against Warren, sought to levy upon the Russell Avenue property.

Plaintiff, moving to bar the sheriff's sale without success, and then commencing the instant action, claimed that the subject property was an asset exempt from his creditors because it was maintained as his homestead until the actual conveyance on January 15, 1975, pursuant to the purchase agreement executed on December 14, 1974. Further, he asserted that, although the conveyance was not recorded prior to the docketing of defendant's judgment, the judgment is subordinated to the vendees Brent and Diane's title because defendant had actual notice of the conveyance.

Defendant challenged the claim of homestead status for the Russell property, asserting that plaintiff had abandoned that property in favor of a new homestead at Prior Lake. Additionally, he contended that the property was conveyed with an intent to defraud a creditor and, as such, the conveyance is void.

---

1. Two subsequent attempts to prevent the sheriff's execution sale, on November 20, 1975 and December 3, 1975, were also denied by the district court.

The parties introduced substantial testimony and argued significant legal theories in support of their competing positions. During the course of the lengthy trial, the court permitted plaintiff Warren Bigelow to offer his opinions on the merits of the prior litigation which resulted in the judgment in favor of defendant on the promissory notes.

Bigelow made repeated references to defendant's alleged underhanded partnership dealings; to his loss of $28,000 invested in International Medical Equipment, Inc., a medical supply company held by the partners; and to his wife's asserted claims for unpaid wages for a seven-year period. No rebuttal evidence was permitted.

■ It is generally true that in a proceeding to set aside a conveyance, upon a showing of actual fraud, the debtor's intent is not only relevant, but a necessary element of proof. Minn.St. 513.26. See, also, *State Bank of Winsted v. Strandberg,* 148 Minn. 108, 180 N.W. 1006 (1921). However, the intent required by statute is "actual intent * * * to hinder, delay or defraud either present or future creditors."

Proof of actual intent was directed to a showing that the debtor entered into the transaction with knowledge of his creditor's claim or future claim and that the transaction was an effort to place property beyond the reach of the creditor. The debtor's asserted justification for this action or his sense of indignation toward the validity of the underlying claim is not relevant to an examination of the statutory standard. Indeed, assertions of that nature often tend to obfuscate the specific and difficult factual determinations required of a jury.

In the instant case there was an unfortunate tendency during the testimonial evaluation of the debtor's intent to defraud to examine his "state of mind." That examination led to plaintiff's revelation of his feelings and opinions regarding the legitimacy of the creditor's claims. Broad inquiry into the merits of underlying issues finally resolved in prior litigation was improper and clearly prejudicial; as such, it should not have been permitted.

Our review of the record as a whole requires the conclusion that plaintiff's injection of these irrelevant and prejudicial statements and accusations inevitably colored the atmosphere of the trial. Accordingly, we reverse and remand for a new trial.

One further issue requires resolution in order to properly define the scope of the new trial. Defendant contends that the trial court erred in directing a verdict against his counterclaim for abuse of process. He asserts that the issue should have been submitted to the jury for determination, citing generally, *Jacoboski v. Prax,* 290 Minn. 218, 187 N.W.2d 125 (1971), and *Lakehead Constructors, Inc. v. Roger Sheedy Co.,* 304 Minn. 175, 229 N.W.2d 514 (1975). We conclude that the trial court properly applied existing standards in granting plaintiff's motion, and the directed verdict is therefore affirmed.

■ A complaining party must establish two essential elements to support an abuse of process claim: the existence of an ulterior purpose and the act of using the process to accomplish a result not within the scope of the proceeding in which it was issued. *Pow-Bel Construction Corp. v. Gondek,* 291 Minn. 386, 389, 192 N.W.2d 812, 814 (1971); *Hoppe v. Klapperich,* 224 Minn. 224, 231, 28 N.W.2d 780, 786 (1947).

Examination of the evidence in light of these elements discloses no basis for the counterclaim's assertion that the Bigelow's purpose in interposing motions for temporary restraining orders and seeking to vacate a levy of execution was anything but an attempt to protect the Russell property from defendant's claim. This is a purpose within the contemplated scope of such proceedings.

As the resolution of these focal issues is dispositive of the appeal, we need not address the other assignments of error discussed by the parties.

Affirmed in part, reversed in part, and remanded for a new trial.[2]

OTIS, J., took no part in the consideration or decision of this case.

## ORDER ON REHEARING

WAHL, Justice.

Upon all of the files, records and proceedings herein,

IT IS HEREBY ORDERED that, having granted petition for rehearing in the above-referenced case and having heard en banc the arguments of both parties, it is hereby determined that the original decision issued by this court on December 15, 1978, shall stand.

IT IS FURTHER ORDERED that the decision of the Clerk of Court to defer the matter of taxation of costs and disbursements is hereby affirmed.

2. The initial one-year redemption period following the sheriff's sale was to have expired on November 20, 1976. Minn.St. 550.25. Upon the motion of Brent and Diane Bigelow, the district court, by order dated November 18, 1976, extended the redemption pending appeal. We direct the trial court to further extend the redemption period pending these renewed proceedings.